732 F.2d 1456
 John C. KURZAWA, Sr., and Frances Kurzawa, individually and
as Next Friends of John Casmere Kurzawa, Jr.,
Plaintiffs-Appellants,
v.
Joan MUELLER, Roger Hendricks and John Dempsey, Director,
Michigan Department of Social Services,
Defendants-Appellees.
 No. 83-1139.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 7, 1984.
Decided March 22, 1984.
 
 William H. Goodman, Goodman, Eden, Millender & Bedrosian, Elizabeth L. Gleicher, argued, Detroit, Mich., for plaintiffs-appellants.
 Brian Einhorn, Southfield, Mich., Erica Weiss Marsden, argued, Louis J. Caruso, Lansing, Mich., William J. Lynch, John P. Jacobs, Detroit, Mich., for defendants-appellees.
 Before ENGEL and KEITH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 KEITH, Circuit Judge.
 
 
 1
 John C. Kurzawa, Sr. and his wife, Frances Kurzawa, individually and on behalf of their son John Casmere Kurzawa, Jr. (Cass) appeal the judgment of the district court that dismissed their Sec. 1983 lawsuit and pendent state claims against the defendants. The district court, 545 F.Supp. 1254, dismissed the Kurzawas' lawsuit pursuant to the defendants' motion. It was determined that the statute of limitations and the defendants' right to qualified immunity abrogated the Kurzawas' claims. For the reasons set forth below, we affirm the decision of the district court.
 
 
 2
 In 1975, John Kurzawa, Sr. who is blind, and his partially-sighted wife, Frances, contacted the Michigan Department of Social Services for Lenawee County regarding their son Cass. The Kurzawas were experiencing problems controlling their son and they sought assistance from the Department of Social Services.
 
 
 3
 The Department of Social Services, in response to the Kurzawas' request sought to obtain custody over their son. This was accomplished by filing a negligent petition in the Lenawee County Probate Court in July 1975. As a result of this petition, the Probate Court decided that Cass would be placed in a foster home and receive counseling. The court further ordered that a review of Cass' condition would be made six months after his placement into the foster home.
 
 
 4
 In January 1976 Cass was returned to his parents' home on a trial basis. All went well until August 1976 when Cass was removed again from his parents' home due to the reoccurrence of disciplinary problems. Several subsequent hearings were held and finally on April 5, 1978 the Lenawee County Probate Court terminated the Kurzawas' parental rights. Appeal was taken from the Probate Court decision and that decision was ultimately reversed by the Michigan Court of Appeals. In re Kurzawa, 95 Mich.App. 346, 290 N.W.2d 431 (1980). The Michigan Court of Appeals decided that the Lenawee Probate Court erred in taking jurisdiction over Cass and it failed to comply with the statutory guidelines set forth in M.S.A. 27.3178 (598.2) [M.C.L.A. Sec. 712A.2]. Consequently, Cass was released to the custody of his parents.
 
 
 5
 The Kurzawas subsequently brought an action pursuant to 42 U.S.C. Sec. 1983 and two pendent state claims against seven defendants. The two pendent state claims were brought pursuant to a Michigan statute which prohibits discrimination against handicapped persons and a common law allegation of negligence. Three defendants--Roger Hendricks, Joan Mueller, and John Dempsey (now deceased)--were employees of the Michigan Department of Social Services who played various roles in removing Cass Kurzawa from his home and placing and maintaining him in foster homes or juvenile institutions. Three other defendants--Purza Onate and Angela Wallenbrock, psychiatrist and Kay Tooley, psychologist, who had contact with the Kurzawas prior to the termination of their parental rights. Clarke Baldwin, the last defendant, is an attorney who was involved in the legal process in removing Cass Kurzawa from his home.
 
 
 6
 Defendants Mueller, Hendricks, Dempsey and Wallenbrock moved for summary judgment, arguing that the Kurzawas' Sec. 1983 claim was barred by the statute of limitations. The district court granted the defendants' motion as to only the parents' Sec. 1983 claim. The court reasoned that since Sec. 1983 does not have a statute of limitations provision, Michigan's three year personal injury statute of limitations was the appropriate analogous one to be used. It was also determined that John, Sr. and Frances Kurzawa had reason to know of their injury at no later than April 5, 1978, when the County Probate Court severed their parental rights to their son. Consequently, since the Kurzawas filed their complaint later than three years after April 5, 1978, the Michigan statute of limitations barred their action and summary judgment was granted.
 
 
 7
 The parents' claim brought pursuant to the Michigan Handicapped Civil Rights Act was also dismissed by the district court. The district court found that it, too, was barred by the three year statute of limitations. Consequently, the defendants' motions to dismiss and summary judgment on this count were also granted.
 
 
 8
 Count III which alleged a malpractice claim against defendants Mueller, Onate, Tooley and Wallenbrock was dismissed as to the plaintiff-parents. The district court dismissed the parent's claim because it found that the two-year statute of limitations for malpractice actions barred their claim. However, Cass' malpractice claim was not dismissed.
 
 
 9
 Defendant Wallenbrock moved for summary judgment on the grounds that the Kurzawas' Sec. 1983 claims are supported only by conclusory allegations and that the Kurzawas failed to allege that defendant acted under color of law as required by Section 1983. The district court treated this motion for summary judgment as a motion to dismiss for failure to state a cause of action, and granted it.
 
 
 10
 The district court also declined to exercise pendent jurisdiction over the state law claims after the Sec. 1983 claims had been dismissed. Finally, the district court, in a separate hearing, dismissed Cass Kurzawa's Sec. 1983 claims. The court found that the defendants were entitled to immunity pursuant to the Supreme Court's decision in Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).
 
 
 11
 We agree with the district court's determinations regarding the various statutes of limitations and their application to this lawsuit. We also agree that the remaining defendants are entitled to immunity. However, we reach the same result for different reasons.
 
 
 12
 The district court found that the defendants were entitled to immunity pursuant to Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Since Harlow, the Supreme Court has decided another immunity case, Briscoe v. LaHue, --- U.S. ---, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Briscoe provides better guidance for the resolution of this issue.
 
 
 13
 The Supreme Court, in Briscoe, held that witnesses and other persons who are integral parts of the judicial process are entitled to absolute immunity. This conclusion was reached by the Court after it examined the legislative history of the Civil Rights Acts of 1866 and 1871 and determined that nothing in their legislative histories indicated a congressional intent to create an exception to the common law concepts of immunity normally afforded to witnesses, judicial and quasi-judicial officers.
 
 
 14
 Much of the Supreme Court's decision in Briscoe is also based upon its previous decisions in Butz v. Economou, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) and Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). In Butz, the Supreme Court held that agency officials who perform functions analogous to a prosecutor are entitled to absolute immunity. The Court reasoned that a person who performs these functions must be able to make a decision to move forward and be free from intimidation and harassment. This was the same underlying consideration in Imbler for the Court's decision that prosecutors are entitled to immunity.
 
 
 15
 The analysis employed by the Supreme Court in Briscoe, Butz and Imbler compels a conclusion that these defendants are entitled to absolute immunity. The remaining defendants are state employees who are responsible for the prosecution of child neglect and delinquency petitions in the Michigan courts. It is their responsibility, and others in similar positions, to protect the health and well-being of the children of Michigan. They must be able to perform the necessary tasks to achieve this goal without the worry of intimidation and harassment from dissatisfied parents. Accordingly, these defendants, pursuant to Briscoe and its predecessors, are entitled to immunity.
 
 
 16
 Notwithstanding their already successful statute of limitations defense, the other defendants would have also been entitled to immunity. They were the psychologist and two psychiatrists who examined Cass Kurzawa. Their findings are used by the Department of Social Services and the Michigan courts to determine what environment best serves the interests of the child. This function of providing information is analogous to that of a witness and under Briscoe would have also entitled them to immunity.
 
 
 17
 Finally, defendant Clarke F. Baldwin who also prevailed in the district court, would also be entitled to Briscoe immunity. Baldwin who functioned as guardian ad litem for Cass Kurzawa, must act in the best interests of the child he represents. Such a position clearly places him squarely within the judicial process to accomplish that goal. A guardian ad litem must also be able to function without the worry of possible later harassment and intimidation from dissatisfied parents. Consequently, a grant of absolute immunity would be appropriate. A failure to grant immunity would hamper the duties of a guardian ad litem in his role as advocate for the child in judicial proceedings.
 
 
 18
 Accordingly, the decision of District Court Judge Charles W. Joiner is affirmed.