**Freddy GIBSON, Plaintiff,**

v.

**William J. ROUSH, Jud Gildersleeve, and Joseph E. Cross, Defendants.**

**No. G83–1259 CA.**

United States District Court, W.D. Michigan, S.D.

July 9, 1984.

Freddy Gibson, in pro per.

A. Peter Govorchin, Asst. Atty. Gen., Corrections Div., Lansing, Mich., for defendants.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by an inmate at the Michigan Reformatory against the Warden's administrative assistant (Cross), a hearings officer (Gildersleeve), and a prison officer (Roush) at that institution.

Plaintiff alleges in substance that on December 27, 1982, he and his cell were sprayed with a fire extinguisher by officer Roush. The officer issued a misconduct report to plaintiff charging him with assault and creating a fire hazard. A hearing was held before hearing officer Gildersleeve who found him guilty of the charges and imposed seven days detention. Plaintiff's defense at the hearing was that it was not he who threw "stuff" out of the cells at officer Roush but someone else, and that he had nothing to do with the fire. Following the hearing officer's findings of guilt, plaintiff filed a petition for judicial review in the Circuit Court of Ingham County. The Circuit Judge upon his review of the record concluded that the hearing officer's decision was not supported by substantial evidence and dismissed the misconduct violation. Plaintiff now claims his constitutional rights have been violated and seeks damages of $1 million dollars from each defendant.

The defendants have filed a motion to dismiss for failure to state a claim upon which relief can be granted, or, in the alternative, for summary judgment. Fed.R. Civ.P. 12(b)(6), 56(b). These motions are supported by affidavits of each of the defendants, as well as records of the misconduct hearing, which have not been controverted.

■ Insofar as administrative assistant Cross is concerned, the only allegation in the complaint as to him is that he did not comply with plaintiff's request for certain photos. Cross's uncontroverted affidavit states in pertinent part:

2. Upon reviewing plaintiff's claim, the only involvement the writer had with this individual was indirect for an FOIA request.

3. Attached you will find Exhibit A which consists of an intramural correspondence from prisoner Gibson to the Record Office Supervisor dated 1–25–83, requesting copies of misconduct report, hearing report and photos pertaining to misconduct of 12–27–82. The Record Office forwarded copies of the misconduct report and hearing report to prisoner Gibson and referred his request regarding photos to the Deputy Aide's Office.

4. The Deputy Aide's Office informed this writer by note of the following: "There are no photos, the stuff that he was throwing was at the hearing as evidence."

5. The defendant upon being informed of the fact that no pictures were part of the hearing completed a "Response to Request for Public Record" on 1–28–83 informing prisoner of the following: "Physical evidence was presented at the time of hearing and not pictures."

Plaintiff's allegations as to defendant Cross clearly do not state a constitutional violation against him. The response to plaintiff's FOIA request was in conformity with Michigan's Freedom of Information Act. M.C.L.A. § 15.235, M.S.A. § 4.1801(5). If he was dissatisfied with the response, he was free to seek review in the appropriate Michigan circuit court. M.C. L.A. § 15.240, M.S.A. § 4.1801(10).

■ The crux of plaintiff's allegations with respect to officer Roush and hearing officer Gildersleeve is that the former perjured himself at the misconduct hearing and that the latter erred in adjudging him guilty. Assuming this is true, no constitutional violation is asserted cognizable under section 1983. Officer Roush's version of the events, as stated in his affidavit and at the misconduct hearing, is that plaintiff started a fire in his cell, that the officer attempted to extinguish it with a fire extinguisher, and that he did not use the extinguisher on the plaintiff. The officer also claimed that plaintiff threw debris at him and hit him. The plaintiff's version, as well as that of his inmate witnesses, contradicted the officer's version. This conflict in evidence was resolved by hearing officer Gildersleeve in favor of the officer's version. Resolution of conflicting evidence is, of course, the function of hearing officers who, of necessity, must make credibility determinations when presented with conflicting versions of facts. Federal district courts do not sit as appellate courts to

review the fact findings of hearing officers in prison disciplinary hearings. To the extent that there was a dispute as to the factual circumstances here, it was the function of the hearing officer, not this court, to resolve it. *Willis v. Ciccone,* 506 F.2d 1011, 1018 (8th Cir.1972). The fact that the decision of the hearing officer was reversed on appeal by the circuit court does not subject the hearing officer to damages in a civil rights action. The actions of the hearing officer were taken by him in the course of his official judicial duties. As such, he is entitled to the judicial immunity accorded to inferior judicial or quasi-judicial officers. *Butz v. Economou,* 438 U.S. 478, 514, 98 S.Ct. 2894, 2914, 57 L.Ed.2d 895 (1978); *Ward v. Johnson,* 690 F.2d 1098, 1105 (4th Cir.1982); *Littleton v. Fisher,* 530 F.2d 691 (6th Cir.1976). To now hold that because plaintiff was successful on "appeal," the "trial judge" should be subjected to damages would thwart the principles upon which the doctrine of judicial immunity is based, namely, that judicial and quasi-judicial officers "should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967), quoting from *Bradley v. Fisher,* 13 Wall. 335, 20 L.Ed. 646 (1872).

 Likewise, even assuming that officer Roush testified falsely at the disciplinary hearing, as plaintiff now claims, the officer, as a witness, is entitled to absolute immunity from an action for damages under section 1983. In *Briscoe v. Lahue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), the Supreme Court held that a police officer was immune from a suit for damages under section 1983 brought by a former criminal defendant on the basis of the officer's alleged perjury at the defendant's criminal trial. The Court stated:

> The principles set forth in *Pierson v. Ray* [386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) ] to protect judges and in *Imbler v. Pactman* [424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) ] to protect prosecutors also apply to witnesses, who perform a somewhat different function in the trial process but whose participation in bringing the litigation to a just—or possibly unjust-conclusion is equally indispensible.

103 S.Ct. at 1121.

See, also, *Kurzawa v. Mueller,* 732 F.2d 1456 (6th Cir.1984); *Charles v. Wade,* 665 F.2d 661 (5th Cir.1982); *Hurlburt v. Graham,* 323 F.2d 723 (6th Cir.1963). There is no reason why the principles of those cases and *Briscoe v. Lahue, supra,* which dictate that witnesses, judicial and quasi-judicial officers, and others who are an integral part of the judicial process be accorded absolute immunity in section 1983 cases, are not equally applicable to a person performing the same functions in prison disciplinary hearings. In either case, "a person who performs these functions must be able to make a decision to move forward and be free from intimidation and harassment." *Kurzawa v. Mueller, supra,* 732 F.2d at 1458.

For the reasons stated herein, defendants' motion for a summary judgment is granted, and the complaint is dismissed.