NORTON COAL CORPORATION,
Nathaniel I. Gunn, and Laurence
B. Howard, Plaintiffs,

v.

George William GELLHAUS, and John
T. Brame, Jr., Defendants.

Civ. A. No. 85–0237–P(J).

United States District Court,
W.D. Kentucky,
Paducah Division.

June 23, 1986.

Daniel N. Thomas, Thomas & Ison, Hopkinsville, Ky., for plaintiffs.

James L. Dickinson, Atty., Natural Resources and Environmental Protection Cabinet, Com. of Ky., Frankfort, Ky., for defendants.

## MEMORANDUM

JOHNSTONE, Chief Judge.

This case is before the court on defendants' motion to dismiss. Jurisdiction is claimed under 28 U.S.C. § 1343.

Plaintiffs Gunn and Howard are officers and directors of plaintiff Norton. Defendants Gellhaus and Brame are employed, respectively, as a Reclamation Inspector Principal and as a Reclamation Regional Administrator with the Kentucky Department for Surface Mining Reclamation and Enforcement (Department).

Plaintiffs claim that in response to their complaints of Brame's job performance, and to their anticipated testimony on behalf of an employee discharged by Brame, the defendants issued citations of noncompliance against Norton. Plaintiffs claim that this retaliation was an attempt to "chill" their First Amendment right to free speech, that it deprived them of their rights without due process of law, and constituted an abuse of process under state law. In addition to compensatory and punative damages, plaintiffs seek an injunction to prohibit defendants from further review or supervision of their mining operations.

In their motion to dismiss, defendants claim absolute official and personal immunity from money damages under case law providing such immunity to agency officials who perform prosecutorial-type functions. In *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 2915, 57 L.Ed.2d 895 (1978), the court held that a decision to initiate administrative proceedings is similar to a prosecutor's decision to initiate a case, and thus, deserving of absolute immunity. In rendering its decision, the court noted that without such immunity, the discretion of these agency officials could be distorted due to fears of retaliation for decisions authorizing administrative proceedings. The court also noted that the administrative process provides a defendant with opportunities to challenge the legality of an official's acts.

Similarly, in *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir.1984), the court held that employees of the Michigan Department for Social Services, who were responsible for the prosecution of child neglect and delinquency petitions, were absolutely immune from liability in 42 U.S.C. § 1983 actions. Included in this group of employees were a psychologist and two psychiatrists who examined a child who was later taken from his parents. The court stated that these employees were entitled to immunity because their findings were used by the agency in rendering the decision to place the child. The court also stated that the functions of these employees were analogous to those of witnesses, who were provided absolute immunity in *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

■ Plaintiffs here claim, however, that the motion to dismiss should be denied because defendants' functions do not differ from those of police officers, who are afforded only qualified or good faith immunity. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967).

According to affidavits submitted to this court, Gellhaus is responsible for making on-site inspections of proposed mining operations, determining the permissible scope of those operations, conducting monthly inspections of active mining operations to determine compliance with statutes and regulations, and issuing notices of noncompliance or cessation of activities due to violations. After those notices are issued by Gellhaus, they are reviewed by his supervisor and by Brame. If the notices are approved, they are sent to Frankfort for prosecution. Gellhaus also testifies at the administrative hearings concerning his investigations and findings.

As regional administrator, Brame supervises the activities of 27 reclamation inspectors, which includes reviewing the notices of noncompliance or cessation to determine the necessity for further administrative action.

Based on the descriptions of defendants' job functions, this court finds that defendants are entitled to absolute immunity within the meaning of *Butz v. Economou, supra*, and *Kurzawa v. Mueller, supra*. Defendants are responsible for initiating administrative proceedings against individuals and corporations, and information gathered by them in their investigations is utilized in the preliminary and formal administrative hearings. In addition, sufficient opportunities exist within the administrative system for complainants, such as these plaintiffs, to challenge the legality of the charges.

■ Although absolute immunity extends only to liability for monetary damages, this court finds insufficient evidence to support the granting of plaintiffs' request for an injunction. Plaintiffs have failed to demonstrate a substantial likelihood of success on the merits of this case, or the likelihood of irreparable injury. *American Motors Sales Corporation v. Runke*, 708 F.2d 202, 205 (6th Cir.1983). The alleged conduct at issue in this case is conduct which already has occurred, and plaintiffs present no evidence to support a finding of possible future injury.

An appropriate order shall accompany this memorandum.

## ORDER

In accordance with the memorandum opinion this date entered,

IT IS ORDERED that the defendants' motion to dismiss is GRANTED and this case is dismissed from the court's docket.