Ron **FOGLE,** Christine Lee Fogle, a Minor; by Ron Fogle as Best Friend, Plaintiffs,

v.

**BENTON COUNTY SCAN, Debbie Lutke, Silvia Geddes, Dorothy Turner, Department of Human Services, Helen Beard, Benton County Sunshine School, Joan Henn, Susan Klooz, Defendants.**

Civ. No. 87–5022.

United States District Court, W.D. Arkansas, Fayetteville Division.

July 20, 1987.

John Dodge of Thompson & Dodge, Rogers, Ark., for plaintiffs.

Walter B. Cox, Davis, Cox & Wright, Fayetteville, Ark., for defendants, Benton County Scan, Debbie Lutke, Silvia Geddes and Dorothy Turner.

Dale Garrett, Bassett Law Firm, Fayetteville, Ark., for defendants, Benton County Sunshine School, Joan Henn and Susan Klooz.

Connie Griffin, Asst. Atty. Gen., Little Rock, Ark., for defendants, Dept. of Human Services and Helen Beard.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

This is an action brought pursuant to 42 U.S.C. § 1983 by Ron Fogle and his minor daughter, Christine Lee Fogle, to redress the alleged deprivation of plaintiffs' due process rights under the Fourteenth Amendment. The defendants are Benton County SCAN, Debbie Lutke, Silvia Geddes, Dorothy Turner, Department of Human Services, Helen Beard, Benton County Sunshine School, Joan Henn and Susan Klooz.

A complaint was filed by plaintiffs on February 18, 1987, alleging that the named defendants maliciously and negligently initiated a petition to remove Christine Fogle from her father's custody. On March 9 and 10, answers were filed in response to the complaint on behalf of separate defendants, Benton County SCAN, Debbie Lutke, Silvia Geddes, Dorothy Turner, Benton County Sunshine School, Joan Henn and Susan Klooz. The remaining defendants, Department of Human Services and Helen Beard, responded on March 12, 1987, by filing a motion to dismiss which is now before the court for decision.

As an initial ground for dismissal, defendants contend that the complaint fails to allege facts sufficient to state a cause of action under 42 U.S.C. § 1983. Fed.R. Civ.P. 12(b)(6). The complaint alleges that Helen Beard

> failed to properly investigate the complaint of sexual abuse, failed to review the video tapes and caused to be filed in Benton County Juvenile Court a petition for emergency custody to remove Christine Fogle from the care and custody of her father, knowing such allegations were in fact false.

Defendants contend that these alleged facts would at best support a claim for negligence which the Supreme Court has rejected as a basis for section 1983 liability. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

While defendants' point is well taken with respect to the original complaint, the plaintiffs filed an amended pleading on April 20, 1987, which the court believes sufficiently states a cause of action under section 1983. The amended complaint alleges that Helen Beard

> maliciously and intentionally tried to have plaintiff arrested and his daughter removed from his care and custody knowing that such allegations of sexual abuse were false and that said sexual abuse allegations had been fabricated by Joan Henn and Susan Klooz.

and that Helen Beard

> with malicious intent and deliberate indifference to the plaintiff's welfare caused false allegations to be made against plaintiff and caused plaintiff's child, Christine Fogle, to be removed from his care and custody.

These factual allegations are taken to be true for the purpose of a Rule 12(b)(6) motion and all reasonable inferences that can be drawn therefrom are deemed to be true. *See* 5 Wright & Miller, *Federal Practice and Procedure* § 1363 at 667 (1969). A Rule 12(b)(6) motion is to be read

as a whole, *Continental Ore Co. v. Union Carbide and Carbon Corp.*, 370 U.S. 690, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962), and it is to be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bennett v. Berg*, 710 F.2d 1361 (8th Cir.1983).

Taking all facts pleaded in the amended complaint as true, it does not appear beyond doubt that plaintiff can prove no set of facts in support of his section 1983 claim which would entitle him to relief. Therefore, the motion to dismiss for failure to state a claim upon which relief can be granted will be denied.

 Alternatively, defendants contend that they are immune from liability for damages under the Eleventh Amendment. The Eleventh Amendment mandates that an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Greenwood v. Ross*, 778 F.2d 448 (8th Cir. 1985). The judiciary has determined that this cloak of immunity covers more than just the state itself. An agency, commission or board may also be immune from suit under the Eleventh Amendment if it bears such a close relationship to the state that a suit against the entity is in reality a suit against the state. "It is not necessary that the state be named as a party, only that the named party is, in actuality, the *alter ego* of the state." *Blake v. Kline*, 612 F.2d 718 (3d Cir.1979), *cert. denied*, 447 U.S. 921, 100 S.Ct. 3011, 65 L.Ed.2d 1112 (1980).

The Eighth Circuit, in remanding *Greenwood v. Ross, supra*, placed emphasis on two factors in determining whether an entity is the *alter ego* of the state for Eleventh Amendment purposes. The panel directed the district court to

[e]xamine the particular entity in question and its powers and characteristics as created by state law to determine whether the suit is in reality a suit against the state. Courts typically look at the degree of local autonomy and control and most importantly whether the funds to pay any award will be derived from the state treasury.

*Greenwood*, 778 F.2d at 453 (quoting *Laje v. R.E. Thomason General Hospital*, 665 F.2d 724, 727 (5th Cir.1982).

 Based on these guidelines, the court finds that the Department is entitled to Eleventh Amendment immunity. The Arkansas Department of Human Services (formerly the Arkansas Department of Social and Rehabilitative Services) is a legislatively created state agency. *See* Ark.Stat. Ann. § 5–912 *et seq.* It is administratively controlled and financially supported by the State of Arkansas. There is no doubt that a monetary judgment against the Department would be paid from state funds. Therefore, the action is in essence one against the state and is barred by the Eleventh Amendment.

 The court would digress for a moment from its present analysis to note that the immunity afforded by the Eleventh Amendment is not without exception. A state, or its *alter ego*, may consent to a suit seeking damages or a court may find that Congress, in enacting a particular statute intended to abrogate sovereign immunity. In the case at hand, there has been no consent to suit and the law is well settled that section 1983 did not do away with Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1978). Accordingly, the Department of Human Services is immune from liability for damages and will be dismissed from this lawsuit.

The court also believes that the doctrine of sovereign immunity under the Eleventh Amendment prohibits the maintenance of this action against Helen Beard in her official capacity.

 It has become increasingly important in civil rights cases to delineate whether the defendant is being sued in his individual (also called personal) or in his official capacity. Individual capacity suits seek to impose personal liability upon a

government official for actions he takes under color of state law. *See Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985), *on remand, Graham v. Wilson,* 791 F.2d 932 (6th Cir. 1986). Official capacity suits, on the other hand, generally represent only another way of pleading an action against an entity of which an individual is an agent. *Kentucky v. Graham,* 473 U.S. at 165, 105 S.Ct. at 3105 (quoting *Monell v. New York Dept. of Social Services,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978)). Plaintiffs made it clear in their amended complaint that Helen Beard is charged with wrongdoing in both her official and individual capacities. Plaintiffs' Amended Complaint, ¶ 14 at 3.

 As a defense to the charges against Ms. Beard in her official capacity, she claims immunity from suit under the Eleventh Amendment. "The only immunities that can be claimed in an official capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment." *Kentucky v. Graham,* 473 U.S. at 167, 105 S.Ct. at 3106. A suit against a state employee in his official capacity only implicates the Eleventh Amendment if the state is the real party in interest. The state is the real defendant if the relief requested would intrude on the state's sovereignty. Where, as here, a monetary award is sought, the relief does more than merely intrude on the state's sovereignty. Such an award is tantamount to "a raid on the state treasury." *Milliken v. Bradley,* 433 U.S. 267, 290 n. 22, 97 S.Ct. 2749, 2762 n. 22, 53 L.Ed.2d 745 (1977). "[A] judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), *on remand, Brandon v. Allen,* 645 F.Supp. 1261 (N.D.Tenn.1986). These cases make it clear that a suit against a state employee in her official capacity will be barred by the Eleventh Amendment if it leads to an imposition of fee liability upon the state. The court is convinced that this is precisely the situation presented in the present case.

 Helen Beard is employed by the State of Arkansas as a supervisor for Arkansas Social Services, a branch of the Arkansas Department of Human Services. At the time of the alleged unlawful investigation and removal of Christine Fogle from the custody of her father, Ms. Beard was assigned to the Benton County, Arkansas, area. Among the various official responsibilities of Ms. Beard in her supervisory capacity is the removal of a child from a parent where there is suspicion of child abuse. *See* Ark.Stat.Ann. § 45–438. All funding for the Department of Human Services and thereby Arkansas Social Services is derived from the State of Arkansas. Since Ms. Beard is a state employee, any suit naming her in her official capacity and seeking retroactive monetary relief would be a "raid on the state treasury" and is barred by the Eleventh Amendment. Helen Beard will be dismissed as a separate defendant in her official capacity.

 The court also believes, after much deliberation on the matter, that Helen Beard should be dismissed as a separate defendant in her individual capacity. The actions taken by Ms. Beard of which plaintiff complains relate to the initiation and investigation of a petition to remove plaintiff's daughter from his custody. In a recent decision on all fours with this case, the Ninth Circuit held that a social worker is entitled to absolute prosecutorial immunity for actions related to the initiation and pursuit of child dependency proceedings. *Meyer v. Contra Costa County Dept. of Social Services,* 812 F.2d 1154 (9th Cir. 1987). Likening the role of a social worker to that of a criminal prosecutor, the Ninth Circuit reasoned:

> Although child service workers do not initiate criminal proceedings, their responsibility for bringing dependency proceedings, and their responsibility to exercise independent judgment in determining when to bring such proceedings, is not very different from the responsibility of a criminal prosecutor. ... The social worker's independence, like that of a prosecutor, would be compromised were

the social worker constantly in fear that a mistake could result in a time-consuming and financially devastating civil suit. We therefore hold that social workers are entitled to absolute prosecutorial immunity in performing quasi-prosecutorial functions connected with the *initiation* and *pursuit* of child dependency proceedings.

*Meyer*, 812 F.2d at 1157 (emphasis added). *See also Kurzawa v. Mueller*, 732 F.2d 1456 (6th Cir.1984).

 The original and the amended complaint allege wrongful actions taken by Helen Beard in the initiation and investigation of the petition to remove plaintiff's child from his custody. The court believes, for the reasons set forth in *Meyer, supra*, that Ms. Beard is entitled to absolute immunity from suit for these advocatory actions. The mere contention that the conduct of Ms. Beard was motivated by malicious intent does not remove the protection afforded by absolute prosecutorial immunity. *See Myers v. Morris*, 810 F.2d 1437 (8th Cir.1987). Because the immunity depends not upon the status of a "prosecutor" but upon the "functional nature of the activities" of which a plaintiff complains, immunity for the performance of inherently prosecutorial functions is not defeated by allegations of improper motivation such as malice, vindictiveness or self-interest. *See, e.g., Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir.1985); *Lerwill v. Joslin*, 712 F.2d 435, 441 (10th Cir.1983). In addition, the decision to file charges, or in this case a petition for removal of a child from her parent, is protected even in the face of accusations of reckless prosecution without adequate investigation. *Wahl, supra.*

All actions taken by a social worker are not, however, entitled to absolute immunity. *Meyer,* 812 F.2d at 1157. If a social worker unilaterally attempts to influence the parent-child relationship, these actions would fall outside the protected prosecutorial role. *Id.* In such a case, a lawsuit could proceed against the social worker and he or she would only be entitled to assert the defense of qualified immunity. Such is not the case here. There are no allegations that Helen Beard did anything outside of her quasi-prosecutorial role as an advocate. Therefore, her actions are protected by absolute prosecutorial immunity and the motion to dismiss her as a separate defendant in her individual capacity will be granted.

For the reasons set forth above, the court finds that the motion to dismiss the Department of Human Services and Helen Beard should be granted.