**Cheryl TINDELL, as mother and natural guardian of Rayme Tindell, a minor, Appellant,**

**v.**

**Paul ROGOSHESKE, Respondent.**

**No. C5–87–2236.**

Court of Appeals of Minnesota.

March 22, 1988.

Review Granted May 16, 1988.

Fay E. Fishman, Minneapolis, for appellant.

Edward Lynch, South St. Paul, for respondent.

Considered and decided by LANSING, P.J., and HUSPENI and FORSBERG, JJ., without oral argument.

OPINION

LANSING, Judge.

Appellant Cheryl Tindell brought this suit on behalf of her minor son Rayme against respondent Paul Rogosheske, alleging that he negligently carried out his duties as Rayme's guardian ad litem. The trial court granted Rogosheske's motion for judgment on the pleadings, ruling that he was absolutely immune from suits arising out of his actions as guardian ad litem. We affirm.

FACTS

In November 1979 Cheryl Tindell applied to Dakota County Social Services for AFDC benefits for herself and her minor child, Rayme. The county, as a condition to granting the benefits, required Tindell to cooperate in a paternity and child support action brought by the county against Rayme's natural father. The court appointed Rogosheske guardian ad litem of the child for purposes of the action.

The county and the father reached a settlement agreement under which the father agreed to pay $7,500 for all past, present and future obligations. According to Tindell, she signed the settlement stipulation papers after the county warned her that failure to cooperate would result in termination of her AFDC benefits. Rogosheske also signed the papers, allegedly

without investigating whether the settlement was in the best interests of the child.

In August 1982 Tindell, on behalf of Rayme, moved to modify the child support award. The trial court denied the motion on the ground that the original order precluded subsequent modification or revocation. Tindell later brought a federal suit under 42 U.S.C. § 1983 against Rogosheske, the State of Minnesota and others, but that action was also dismissed.

The present suit alleges that Rogosheske negligently failed to perform his duties as guardian ad litem. Specifically, Tindell claims that Rogosheske failed to investigate whether the settlement was in Rayme's best interests. Rogosheske successfully moved for judgment on the pleadings on the ground that, as guardian ad litem, he was immune from suit.

## ISSUE

Did the trial court err in ruling that a guardian ad litem, acting within the scope of his duties, is entitled to absolute immunity in a malpractice action?

## ANALYSIS

Judicial immunity, originally developed to preserve the autonomy and integrity of the judiciary, has been extended to quasi-judicial officers. *Gammel v. Ernst & Ernst*, 245 Minn. 249, 254, 72 N.W.2d 364, 368 (1955). This extension rests on the theory that persons who are integral to the judicial process must be able to perform their functions without the intimidating effect of potential lawsuits. *See Briscoe v. LaHue*, 460 U.S. 325, 335, 103 S.Ct. 1108, 1115, 75 L.Ed.2d 96 (1983), *cert. denied*, 460 U.S. 1037, 103 S.Ct. 1426, 75 L.Ed.2d 787 (1983).

While no Minnesota court has addressed whether immunity extends to guardians ad litem, several federal courts have found that guardians ad litem are protected by absolute immunity. *See, e.g., Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir.1984);

*In Re Scott County Master Docket*, 618 F.Supp. 1534, 1573 (D.C.Minn.1985), *affirmed sub nom Myers v. Morris*, 810 F.2d 1437 (8th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987).

In *Kurzawa*, parents brought suit against their child's former guardian ad litem, alleging that the guardian had wrongfully assisted in legal proceedings which terminated their parental rights. The Sixth Circuit affirmed dismissal of the suit, observing that the role guardians ad litem play in the judicial process makes absolute immunity necessary in order to act without intimidation or harassment from disgruntled parents. *Id.* at 1458.

Similarly, in *Scott County*, parents brought suit in Minnesota federal district court against several guardians ad litem, alleging that the guardians "engaged in a pattern of activity which was coercive and abusive to the minors placed under their direction." *Id.* at 1571. In dismissing these claims, the district court noted that under Minnesota law, guardians ad litem are appointed by and act as officers of the court. *Id.* at 1573; *see Hoverson v. Hoverson*, 216 Minn. 237, 241, 12 N.W.2d 497, 500 (1943). The Eighth Circuit affirmed, concluding that absolute immunity was necessary to protect guardians ad litem from costly litigation directed at the performance of their duties. *Myers*, 810 F.2d at 1467.

As in *Kurzawa* and *Scott County*, Rogosheske was appointed by the court to represent a minor and faces costly litigation over the performance of his duties.[1] Tindell seeks to distinguish those cases because they involved guardians ad litem who overprotected children, while her suit alleges that Rogosheske underprotected the child. Tindell reasons that while overly zealous guardians should be protected by immunity to encourage aggressive performance of their duties, protecting idle guardians would only encourage apathy.

This argument fails because it depends ultimately on subjective characterization: a

---

1. Tindell does not allege that Rogosheske acted outside the scope of his duties or that he was involved in other than an adjudicative function.

**342**

claim of over-zealous protection can easily be framed into a claim of under-zealous protection. For example, in *Scott County* the guardians ad litem were accused generally of abusing and coercing minors into making accusatory statements about their parents. However, the plaintiffs also claimed that the guardians permitted others to "interrogate the children under circumstances where it was apparent that their * * * well-being was threatened." *In re Scott County*, 618 F.Supp. at 1571. Because the actions and omissions exist on the same continuum, are language-dependent and claims often involve both, the characterization of a claim is not determinative.

Public policy also supports granting immunity in the present case. In advising whether a settlement agreement is in the best interests of a child, guardians ad litem frequently must rely on incomplete facts and base their advice on a variety of legal and non-legal factors, some of which may conflict. *See* Minnesota Judges Ass'n, *Guidelines for Guardians Ad Litem* 2 (1986). Removing immunity would impair the judicial process by discouraging guardians ad litem from advising settlement, and the energies of guardians ad litem would be diverted toward anticipating lawsuits rather than protecting the true interests of children.

The trial court properly granted Rogosheske absolute immunity. Although absolute immunity may occasionally cause hardship, guardians ad litem must be protected against civil litigation challenging the performance of their duties.

## DECISION

Affirmed.