**Cheryl TINDELL, as the mother and natural guardian of Rayme, a minor, Petitioner, Appellant,**

v.

**Paul ROGOSHESKE, Respondent.**

No. C5–87–2236.

Supreme Court of Minnesota.

Sept. 2, 1988.

Fay E. Fishman, Minneapolis, for petitioner, appellant.

Edward Lynch, South St. Paul, for respondent.

AMDAHL, Chief Justice.

We granted further review to define the circumstances and extent of any immunity to be afforded a guardian ad litem acting within the scope of his duties when it is alleged that the guardian negligently performed those duties. The court of appeals held that the guardian is absolutely immune. *See Tindell v. Rogosheske,* 421 N.W.2d 340 (Minn.App.1988). We agree and affirm.

The respondent Paul Rogosheske was appointed by the district court as guardian ad litem on behalf of the minor son of the appellant Cheryl Tindell. The appellant brought this action, alleging that Rogosheske had negligently failed to perform his duties as guardian ad litem. There was no allegation that he exceeded his authority.

Rogosheske moved the trial court for judgment on the pleadings, contending that the complaint should be dismissed with prejudice on the basis that a guardian ad litem has absolute immunity for conduct within the scope of a guardian's duties. The trial court granted the motion and the court of appeals affirmed. Essentially, the appellate court determined that a guardian ad litem is a quasi-judicial officer and, as such, deserves immunity to encourage vigorous exercise of his authority and representation of a minor.

We think it is critical to view the role of the guardian in the context in which the responsibilities imposed upon the individual arise. A guardian ad litem is appointed by the court to protect the best interests of the child in the particular proceeding in which the child is involved. In this case, Rogosheske was appointed to protect the minor child's interests in paternity and child support actions. *See* Minn.Stat. § 257.60 (1986). While the trial court itself is afforded immunity from suit when acting within its judicial capacity, *see Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed. 2d 288 (1967), and while other quasi-judicial officers have been protected by an extension of judicial immunity, *see Gammel v. Ernst & Ernst,* 245 Minn. 249, 254, 72 N.W.2d 364, 368 (1955), we heretofore have not directly addressed the propriety of an extension of immunity to a guardian ad litem. We are convinced that, for the very reasons that the doctrine arose in the first instance, it must now be so extended.

■ A guardian ad litem is an officer of the court. *See Hoverson v. Hoverson,* 216 Minn. 237, 241, 12 N.W.2d 497, 500 (1943). The guardian's duty is to act within the course of that judicial proceeding in furtherance of the best interests of the child for whom the guardian has been appointed.

A guardian must be free, in furtherance of the goal for which the appointment was made, to engage in a vigorous and autonomous representation of the child. Immunity is necessary to avoid harassment from disgruntled parents who may take issue with any or all of the guardian's actions. *See Kurzawa v. Mueller,* 732 F.2d 1456, 1458 (6th Cir.1984); *accord In Re Scott County Master Docket,* 618 F.Supp. 1534, 1572–73 (D.Minn.1985), *aff'd sub nom. Myers v. Morris,* 810 F.2d 1437 (8th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987).

We conclude that the trial court, as affirmed by the court of appeals, properly dismissed the complaint against the guardian ad litem. The guardian is absolutely immune from liability for acts within the scope of that guardian's exercise of statutory responsibilities.

Affirmed.