Dr. Terry Yamauchi, M.D. Director, Arkansas Department of Human Services 329 Donaghey Building P.O. Box 1437 Little Rock, Arkansas 72203-1437
Dear Dr. Yamauchi:
This is in response to your request, on behalf of the "Youth Services Center Board" (the "Board"),[1] for an opinion on whether the Board has the sole authority to transfer a committed youth at any time from a youth services facility to a community based program and mandate continued service pursuant to the terms of the original commitment order. You also ask what legal liability the Board has once a juvenile is referred or transferred to a community based program.
It is my opinion in response to your first question that the Board does have this authority. Your second question is difficult to answer as you do not specify the possible circumstances which could give rise to any "responsibility" or "legal liability." It should be noted, however, that generally, the operation and management of community based programs for committed youths is not within the authority of the Youth Services Board, but rather is controlled by the local community based program with some oversight and direction supplied by the Arkansas Department of Human Services. The Board should not, therefore, generally incur any "responsibility" or "legal liability" relating to the operation of such programs. A definitive answer, however, would have to be reached on the facts of a given situation.
With regard to your first question, Act 763 of 1991 appears to be the relevant law. The relevant sections of this act are Sections 1 and 3, which are codified, respectively, at A.C.A. §§9-27-330 and 9-28-209 (Cum. Supp. 1991). The former section addresses the disposition of `delinquent' juveniles by the juvenile court. Subsection (3) authorizes the court to commit the juvenile to a youth services center operated by the Youth Services Board, and provides at subsections (3)(A) and (B) as follows:
 (A) In an order of commitment, the court may recommend that the juvenile be placed in a community-based program instead of a youth services center, and shall make specific findings in support of such a placement in the order.
 (B) Upon receiving an order of commitment with recommendations for placement in a community-based program, the Youth Services Board shall consider the recommendations of the committing court in making its placement to a youth services center or to a community-based alternative. [Emphasis added.]
The statute above thus refers to the Board's authority to make a placement to either a youth services center or a community based program. See also A.C.A. § 9-28-209 (a)(1)(B).
Of perhaps greater significance to your question is A.C.A. §9-28-209(a)(2) (Cum. Supp. 1991), which provides that:
 The board has the authority to move a youth at any time within its system of youth services facilities and community based programs. [Emphasis added.]
It is my opinion that the statute above gives the Youth Services Board the sole authority to transfer a committed youth from a youth services center to a community-based program for such period of time as it determines best, (within the time authorized by law and the commitment order.) As is evident from a reading of the statutes cited earlier, even the court cannot order a placement to a community-based program. It may only make recommendations to the Board in this regard. Additionally, we have found no authority for any other division of the Department of Human Services to make such a transfer.
Some confusion may be created by the provision cited above (A.C.A. § 9-28-209 (a)(2)) because it refers to community-based programs as being within the "system" of the Youth Services Board. Such programs, as we shall see in response to your second question, however, are not under the operation or control of the Youth Services Center Board. This conclusion in my opinion, however, does not affect the statute's validity as to the grant of authority to the Board to transfer juveniles to such programs.
In response to your second question, it appears that the Youth Services Board would not have any responsibility or legal liability arising out of operations of community-based programs, as the Board does not exercise any authority over such programs. The facts of a particular incident, however, would have to be determined in order to provide a definitive answer.
Section 25-10-105 of the Arkansas Code provides in subsection (a) that "[t]he Arkansas Youth Services Board, as established by § 9-28-202, and all improvements and additions to the youth services centers shall be operated under control of the Youth Services Board within the Department of Human Services." Subsection (c)(1) of this statute, however, provides that:
 All functions provided in §§ 9-28-201—213 and other laws of the state concerning responsibility for the development of community-based alternatives to the incarceration of youth, planning and operation of re-integration services for youths returning to the community from the youth services centers operated by the Youth Services Board, and all other services to the youth of this state, other than the operation of the youth services centers which, under the provisions of the Arkansas Constitution, Amendment 33, are required as institutional programs to be operated by the Youth Services Board, shall be operated under the management and control of the Department of Human Services.
It is also provided at subsection (e)(2) of the same statute that:
 It is further the intent of this act that the Youth Services Board shall devote its time and resources to the operation and management of the institutional programs of the youth services centers and that other state programs for the treatment or benefit of juvenile delinquents and the problems of the youth of this state shall be administered by the Department of Human Services through divisions, offices sections, or units of the department determined by the director of the department.
It is apparent from the statutes above, in my opinion, that the "Youth Services Board" does not have any responsibility for the management and operation of community-based programs. It is therefore unlikely that liability on the part of the Board could be based upon actions or incidents arising out of the operation of such programs. It should also be noted that the Youth Services Board, as an establishment of state government, will be entitled to the immunity granted by Arkansas Constitution, art 5, § 20. The individual members of the board are also entitled to immunity for negligent acts or ommissions of themselves and employees.See A.C.A. § 19-10-305 (Cum. Supp. 1991) and A.C.A. §16-120-102 (Cum. Supp. 1991). Different consideration, however, will apply in federal court, where "qualified immunity" is the rule. See e.g. Fogle v. Benton County Scan, 665 F.Supp. 729
(W.D. Ark 1987).
Because, however, this office cannot hypothesize all potential claims of liability in the abstract, reference to the facts of a particular incident must be had to reach a definitive conclusion with respect to this question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted that this Board is referred to in the Arkansas Code as the "Youth Services Board." See A.C.A. §§9-28-202 and 25-10-105.