David R. BABBE, Appellant,

v.

Michael K. PETERSON and the Law
Firm of Polking, Appellees.

No. 93–543.

Supreme Court of Iowa.

April 20, 1994.

David R. Babbe, pro se.

Michael K. Peterson and William G. Polk-
ing of Polking Law Office, Carroll, for appel-
lees.

Considered by McGIVERIN, C.J., and
LARSON, LAVORATO, NEUMAN, and
ANDREASEN, JJ.

LARSON, Justice.

This is an appeal by the plaintiff from a
summary judgment entered on behalf of a
guardian ad litem appointed pursuant to
Iowa Rules of Civil Procedure 13 and 14.
We affirm.

David Babbe was charged with arson and
conspiracy to commit arson and was released
on $25,000 bail. He provided bail by convey-
ing two parcels of real estate to the clerk of
the district court. Babbe was found guilty,
and the district court scheduled a hearing on
his posttrial motions. Babbe did not show
for the hearing, and the court entered an
order of forfeiture on his bail pursuant to
Iowa Code section 811.6 (1989).

The State filed a petition to quiet title on
Babbe's property, and the court appointed
Michael K. Peterson of the Polking law firm
as guardian ad litem to preserve Babbe's
interests because Babbe was incarcerated.
See Iowa R.Civ.P. 13, 14. Rule 13 provides:

No judgment without a defense shall be
entered against a party then a minor, or
confined in a penitentiary, reformatory or
any state hospital for the mentally ill, or
one judicially adjudged incompetent, or
whose physician certifies to the court that
he appears to be mentally incapable of
conducting his defense. Such defense
shall be by guardian ad litem; but the
regular guardian or the attorney appearing
for a competent party may defend unless
the court supersedes him by a guardian ad
litem appointed in the ward's interest.

Rule 14 provides:

If a party, served with original notice,
appears to be subject to R.C.P. 13, the
court may appoint a guardian ad litem for
him, or substitute another, in the ward's
interest. Application for such appointment
or substitution may be by the ward, if
competent, or a minor over fourteen years
old; otherwise by his regular guardian or
if there be none by any friend, or any
party to the action.

Attorney Peterson, as guardian ad litem,
filed a general denial on behalf of Babbe.
He did not, however, file a resistance to the
State's motion for judgment on the pleadings,
which was ultimately sustained by the court.

Babbe then filed a malpractice suit against
the guardian ad litem and his law firm. The
court granted summary judgment to the de-
fendants on the ground that guardians ap-
pointed under rules 13 and 14 are entitled to
immunity.

Apparently, no case has been decided by
this court regarding the matter of immunity
for guardians ad litem appointed under rules
13 and 14. We have suggested, however,
that if a defense is so deficient that it

amounts to no representation at all, the judgment might be set aside as if no guardian ad litem had been appointed. *Garcia v. Wibholm,* 461 N.W.2d 166, 170 (Iowa 1990). *See also* Iowa R.Civ.P. 13 ("No judgment without a defense shall be entered against a party ... confined in a penitentiary [or] reformatory" without appointment of a guardian ad litem.).

The issue has been considered, however, by courts in other jurisdictions. The general rule is that guardians ad litem, who are appointed by the court, perform quasi-judicial functions and for that reason are granted judicial immunity. *See, e.g., McCuen v. Polk County,* 893 F.2d 172 (8th Cir.1990); *Babcock v. Tyler,* 884 F.2d 497 (9th Cir.1989); *Cok v. Cosentino,* 876 F.2d 1 (1st Cir.1989); *Gardner v. Parson,* 874 F.2d 131 (3d Cir. 1989); *Myers v. Morris,* 810 F.2d 1437, 1466–67 (8th Cir.), *cert. denied,* 484 U.S. 828, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987); *Kurzawa v. Mueller,* 732 F.2d 1456 (6th Cir.1984); *Short by Oosterhous v. Short,* 730 F.Supp. 1037 (D.Colo.1990); *Collins v. Tabet,* 111 N.M. 391, 806 P.2d 40 (1991); *Tindell v. Rogosheske,* 421 N.W.2d 340 (Minn.App.), *aff'd,* 428 N.W.2d 386 (Minn.1988).

The rationale of granting immunity to guardians ad litem

> rests on the theory that persons who are integral to the judicial process must be able to perform their functions without the intimidating effect of potential lawsuits.

*Tindell,* 421 N.W.2d at 341.

While the rule of judicial immunity will serve to deny a ward a cause of action for legal malpractice, a ward is not without a remedy. As we have said in *Garcia,*

> [i]t seems clear to us ... that a guardian ad litem must provide a defense that will ensure protection of the ward's interest. In some circumstances, conducting an investigation and filing a general denial to avoid a default may be enough. In other circumstances, the guardian ad litem may need to do more, even to the extent of proceeding to trial. Simply put, the guardian ad litem must do whatever the

circumstances of the particular case dictate is necessary to protect the ward's interest. 461 N.W.2d at 170.

We hold that this guardian ad litem, who acted on behalf of the appointing court, is entitled to judicial immunity. The court therefore properly granted the motion for summary judgment.

**AFFIRMED.**