Tyson vs. Tyson and another.

Tyson, Respondent, vs. Tyson and another, imp., Appellants.

*October 13 — November 4, 1896.*

*Practice: Guardian* ad litem, *duration of appointment: Appeal by, and filing undertaking: " Mistake or accident:" Amended return: Terms.*

1. Under sec. 3039, R. S. (limiting the time within which an appeal to the supreme court may be taken from a judgment in a civil action to two years from the rendition thereof, unless the judgment is against a minor or other person under disability, in which case the time during which such disability shall continue, not exceeding.ten years, shall not be reckoned a part of such two years), an appeal by a guardian *ad litem* of minor defendants will not be dismissed because not perfected within said two years, nor will leave to perfect the appeal be denied because not applied for within that time.

2. The appointment of a guardian *ad litem* is for all the purposes of the action, including an appeal if the guardian deems such advisable, and continues until the disability ceases unless he is sooner discharged by the court. In the performance of his duty he may proceed without the advice or direction of the court, but in such case is held responsible for a reasonably prudent and intelligent performance of duty.

3. Where the proceedings of a guardian *ad litem* are obviously ill advised and against the interests of the infants, the court may interpose for their protection; but such power should not be exercised where the objection is raised by the adverse party, or a general guardian appointed at the request of such party, apparently for the purpose of preventing a review of a judgment in his favor,

Tyson vs. Tyson and another.

and is based merely upon the opinion of such party or attorney or general guardian that the appeal is not meritorious, or that the interests of the infants can be better protected by such adverse party.

4. The failure of a guardian *ad litem* to appeal from an adverse judgment, resulting from inability to furnish the required undertaking, is not such a "mistake or accident" as would give this court power to permit the undertaking to be filed here, under sec. 3068, R. S.

5. In such a case, however, on a motion to dismiss the appeal for want of such undertaking, this court may retain the record for a reasonable time to enable the appellant to serve the undertaking, file it in the court below, and have the same certified by an amended return, and may postpone the final determination of the motion until the expiration of such time.

6. Where the parties seeking such indulgence are minors and it satisfactorily appears that the delay will not prejudice the adverse party, justice does not require the imposition of terms.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. Motion by Rollin B. Mallory, general guardian, for substitution; motion by H. P. Richardson, guardian *ad litem*, for leave to file undertaking in this court; motion by the respondent to dismiss the appeal. *First and second motions denied; third motion granted unless the appellants serve, file, and cause to be certified from the trial court an undertaking on appeal within twenty days.*

The facts on which the several motions are based are stated in the opinion.

*J. G. Flanders,* for the appellants.

*T. W. Spence* and *Rollin B. Mallory,* for the respondent.

MARSHALL, J. On the 19th day of November, 1874, Robert H. Cabell executed a trust deed, which was thereafter duly recorded, purporting to convey valuable real estate, owned by him in the city of Milwaukee, to trustees therein named, for the benefit of the grantor during his life, remainder to his daughter, plaintiff *Virginia C. Tyson,* during

her life, and remainder over, under certain contingencies, to her children then unborn, now the infant defendants *Virginia Cabell Tyson* and *Juliet Catharine Tyson*. Thereafter such grantor died, leaving a will purporting to devise such real estate in accordance with the terms of such trust deed, and devising all the rest and residue of his property to his wife, Catharine, and the plaintiff, share and share alike. The will was duly probated, and such proceedings had that the probate court decided that the provisions thereof, devising the property in accordance with such trust deed, were void; hence, that all of the property passed under the general bequest to plaintiff and her mother. An assignment of the property was thereupon made in accordance with such decision. Thereafter the widow of the deceased quitclaimed her interest in the lands in dispute to the plaintiff, who thereupon brought this action, naming her infant daughters, *Virginia Cabell* and *Juliet Catharine Tyson*, and George C. Houghton, trustee, as defendants. The purpose of the action was to establish and quiet the title to the property in plaintiff against any claim of title by such infants under the trust deed. If such deed is valid to effect the purposes intended thereby, such infant defendants are the owners of a valuable interest in the real estate in question. H. P. Richardson was duly appointed guardian *ad litem* of the infants, and interposed a defense based on the trust deed. Such proceedings were thereafter had that a decree was entered in favor of the plaintiff in accordance with the prayer of the complaint. The guardian *ad litem*, in good faith, believing the judgment to be erroneous, duly served a notice of appeal therefrom to this court.

. The action was commenced and prosecuted as an amicable suit up to the rendition of such judgment, but thereafter no assistance was given by the mother of the infants to aid them in securing a review of such judgment by this court. They had no general guardian or property, other than what

Tyson vs. Tyson and another.

interest they may have in the real estate in question, by reason whereof the guardian *ad litem* was unable to perfect an appeal in their behalf; but he did all that was in his power in that regard by duly serving and filing a notice of appeal. After such notice of appeal was served and filed, the clerk of the circuit court for Milwaukee county certified the case to this court. The undertaking has not yet been filed. The guardian *ad litem* now presents a petition, setting forth the facts as stated, and that he is able, now, to perfect the appeal by giving a proper undertaking, and moves the court, on proper notice to the adverse party, for leave to do so by filing such undertaking in this court.

Respondent, by her attorneys, moves the court, on notice, for an order dismissing the appeal (1) because no authority to take the appeal has been granted to the guardian *ad litem* by the circuit court or by this court; (2) because the bond or undertaking for costs was not certified with the notice of appeal.

After the notice of appeal was served, Mr. Rollin B. Mallory was, on petition of plaintiff, appointed general guardian of the minors. He presents a petition, setting forth, in effect, that, after a full investigation made by him, it is his belief that there is no merit in the appeal; also reasons, not going to either the legal or equitable rights of the infants, why the title to the property should be left as decreed by the lower court. On such petition and the record he moves the court to be substituted in place of the guardian *ad litem*, and, in effect, that the appeal be dismissed because not for the best interest of the minors, not 'authorized, not taken till after the two years limited for taking the same, and after the office of the guardian *ad litem* had expired, and because no bond was filed to perfect the appeal as provided by law. All of the motions were heard and have been considered and decided together.

Sec. 3039, R. S., provides that 'the time within which an

appeal may be taken to obtain a review by the supreme court of any judgment in a civil action is limited to two years from the date of the entry of such judgment; provided, however, that if the person against whom a judgment is rendered is under the age of twenty-one years . . . at the time of the rendition thereof, the time during which such disability shall continue, not exceeding ten years, shall not be reckoned a part of such two years.' The minor defendants come within the proviso; hence, the period limited for taking an appeal in their behalf in this case has not yet expired. This is decisive of the motion of respondent for a dismissal of the appeal because not taken in time, and also of the objection, on that ground, to the motion for leave to perfect the appeal at this time.

But the court is asked to dismiss the appeal because not taken by leave of court, and, further, because taken after the office of the guardian *ad litem* had expired. An infant defendant can only appear as defendant by a guardian *ad litem* appointed by the court in which the action is prosecuted, or by the judge thereof. R. S. sec. 2613. The appointment of such guardian is for all the purposes of the action. It is necessary on account of the disability of the minor defendants. For that reason it continues till such disability ceases, unless the guardian is sooner discharged by the court. While such guardian is at all times under the control of the court, the responsibility of protecting the infant's interest wholly devolves upon him, and he is answerable in damages for negligence in that regard. It is his duty to examine into the case, and to use all the usual methods for the protection of the interests of the minor which the exercise of reasonable care and prudence would dictate. 1 Wait, Prac. 486; *Stunz v. Stunz*, 131 Ill. 210. The mere perfunctory performance of duty does not meet the requirements of the position. It is the duty of the guardian to use all reasonable means to thoroughly master

Tyson vs. Tyson and another.

the minor's case, and to make a vigorous defense, if in his judgment the circumstances are such as to demand it for the protection of the interests of such minor. To that end the guardian appointed in the lower court continues throughout all stages of the case unless discharged. Sec. 3, Rule XXX, Circuit Court Rules; Rule VII, Supreme Court Rules. The idea advanced by the respondent that the general powers of the guardian are limited to defending in the court where appointed; that he cannot take an appeal from a judgment against the minor without permission, is contrary to the nature of the office and to the uniform practice. *Thomas v. Safe D. & T. Co.* 73 Md. 451; *Sprague v. Beamer,* 45 Ill. App. 17. He may, and often prudence requires that he should, take the advice of the court, and act under its direction in proceedings to maintain the rights of the minor; but he may proceed without such advice or direction if he sees fit. But, whether he proceeds or fails to proceed, unless under the direction of the court, he does so at his peril of being held responsible for a reasonably prudent and intelligent performance of duty. In the performance of such duty he may interpose a defense, affirmative or otherwise, set up a counterclaim, or may appeal from an adverse judgment, as in his judgment the exigencies of the situation may require, in order to fully maintain the rights of the minor. In *Sprague v. Beamer, supra,* Mr. Justice CARTWRIGHT said, speaking to this point, in effect: 'The guardian *ad litem's* power is not limited to defense, objection, and opposition merely. If his powers were so circumscribed, he would be precluded from filing a cross-bill, or doing any affirmative act, although it might be essential to the protection of the infant's interests involved in the litigation which he is appointed to defend. We think his powers are not so limited. A suit brought to the court by appeal is the same suit in which the guardian *ad litem* was appointed to defend the interests of the minor defendants, and in such suit, on such

appeal, he is still acting in their defense, as against alleged errors in the proceeding, by the only available method for that purpose. Such action is within the scope of his power.'

It follows, from what has preceded, that if the guardian *ad litem* deemed the interest of the minor defendants prejudiced by the judgment rendered against them, especially when supported in that view by the advice of eminent counsel called to his assistance, it was not only his right, but it was his duty, to proceed in the only way open to him for a review of such judgment. Cases may arise where the proceedings of the guardian *ad litem* are so obviously illy advised, and not in the interest of the infants, as to require the interposition of the court for their protection; but where the only objection to proceedings is raised by the adverse party, or a general guardian, however eminent and honorable, appointed at the request of such party, apparently for the purpose, among others, of preventing a review of a judgment in his favor, it would be a dangerous practice to set aside the person charged with the duty of protecting the infant's interests, upon the opinion of such party, or her attorney, or such general guardian, that the appeal is not meritorious, and that the interests of such infant can be better protected by such adverse party than by the court in the manner provided by law. However much a person may be inclined by nature to protect the interests of the infant, when such person is an adverse party in fact, or represents, in whole or in part, such adverse party, he is not so circumstanced as to properly represent in court the interests of such infant.

It follows that we see no reason for dismissing the appeal because leave was not granted to take it, or because improvidently granted, or to discharge the guardian *ad litem* and appoint another in his place.

There remains the question presented by the motion for leave to perfect the appeal at this time by filing the under-

taking for costs required by law in this court.   Sec. 3049, R. S., provides that the appeal shall be deemed taken by the service of the notice of appeal, and perfected on serving the undertaking for costs.   Sec. 3052 provides that the undertaking is essential to render the appeal effectual for any purpose.   Sec. 3050 provides that the clerk shall certify the papers to this court, when the appeal shall have been perfected, and that such papers shall include the notice of appeal and the undertaking on which it was taken. For failure to serve the undertaking and have it so certified, the appeal is subject to be dismissed on motion of the adverse party.   *Maxwell v. Wessels*, 7 Wis. 103; *White v. Polleys*, 20 Wis. 503; *Punch v. New Berlin*, 20 Wis. 189. But counsel for appellants contend that the court has power to allow the undertaking to be filed as requested, under sec. 3068, which provides that, " when a party shall, in good faith, give notice of appeal, and shall omit, *through mistake or accident*, to do any other act necessary to perfect the appeal or make it effectual, or to stay proceedings, the court from which the appeal is taken, or the presiding judge thereof, or the supreme court, or one of the justices thereof, may permit an amendment, or the proper act to be done, on such terms as may be just."   But the answer to that is that the omission to serve the undertaking in this case was not through mistake or accident.   Such omission, according to the affidavit of the guardian *ad litem*, resulted from the situation of the infants, in that they had no other property than their interest in the real estate in question, and no one sufficiently interested in their behalf to take the responsibility and risk of giving the necessary undertaking.   That can hardly be considered as mistake or accident.   The statute was not designed to meet such cases.

The case not coming within sec. 3068, R. S., we can see no way to grant the application for leave to file the undertaking originally in this court.   In *Eaton v. Patchin,* 20

Wis. 486, it was distinctly held that the only way to get a paper essential to the record on appeal filed in this court is to have it filed in the court below, and certified up by the clerk of that court, as one of the papers on the appeal, according to the regular course of proceedings under the statute.

Notwithstanding the foregoing, this court may properly, in such a case as this, retain the record for a reasonable length of time to enable the appellant to serve the undertaking, file it in the court below, and have the same properly certified to this court by an amended return, and not finally dispose of the motion to dismiss for want of a proper undertaking until the expiration of such time, and then deny the motion on such terms as may be reasonable under the circumstances. Such indulgence would not be granted ordinarily, except on terms; but in a case of minor defendants, where it satisfactorily appears, as here, that the delay will not really prejudice the adverse party, justice does not require the imposition of terms.

*By the Court.*— In accordance with the foregoing, the motion to discharge the guardian *ad litem*, and to appoint another in his place, is denied; the motion for leave to perfect the appeal by filing the undertaking for costs in this court is denied; and twenty days' time is allowed within which to perfect the appeal by serving the proper undertaking, filing the same in the office of the clerk of the circuit court where the judgment appealed from was rendered, and to cause the same to be certified to this court by an amended return. If not so served, filed, and certified within such time, the appeal will then be dismissed; otherwise, the motion to dismiss the appeal will be denied.