### J. C. HARPER (TR.) v. R. L. CILLEY ET AL.

1. GUARDIAN AD LITEM MAY APPEAL UNDER SEC. 5226 REV. STAT.

    A guardian *ad litem* of an infant, appointed by the court under Sec. 5003 Rev. Stat., may, under favor of Sec. 5226 Rev. Stat., take an appeal as such from a judgment adverse to his ward; and while he has no personal interest in the suit, yet he takes the place of and represents the infant, who, though a party thereto, is without legal capacity to make a defense.

2. GUARDIAN AD LITEM TO DETERMINE ADVISABILITY OF APPEAL.

    Whether an appeal should be taken from a judgment adverse to an infant defendant, is for the determination of the guardian *ad litem* appointed by the court under Sec. 5003 Rev. Stat., and not by the infant.

3. GUARDIAN AD LITEM PERSONALLY LIABLE ON APPEAL BONDS.

    A guardian *ad litem* is personally liable upon his appeal bond. Whether he has power to bind his ward's estate thereby, *quaere*.

**Harper & Allen,** for plaintiff.

**Bromwell & Bruce,** for defendant:

As to right of appeal. Section 2256 Rev. Stat.

The guardian *ad litem* was a party to the proceeding in the common pleas court, as was also the minor whom he represented.

As to the duty of the guardian *ad litem.* Long v. Mulford, 17 Ohio St. 484, 503; Dow v. Jewell, 21 N. H. (1 Foster) 470, 486; Sconce

v. Whitney, 12 Ill. 150; Knickerbacker v. De Freest, 2 Paige 304; 1 Daniell, Ch. Pr. Title, Infants.

As to the appointment of a guardian *ad litem.* Sections 5003, 5004 Rev. Stat.

As to the right of guardian *ad litem* to appeal. Stewart, In re, 48 N. Y. Supp. 999 [23 App. Div. 17]; Thomas v. Safe Deposit & Tr. Co. 73 Md. 451, 461 [21 Atl. Rep. 367; 23 Atl. Rep. 3]; Tyson v. Tyson, 94 Wis. 225 [68 N. W. Rep. 1015]; Sprague v. Beamer, 45 Ill. App. 17.

The bond required in an appeal case is only for the costs and to protect the county against loss. It is made to the satisfaction of the clerk. The clerk has accepted the bond, and no question can be raised as to its sufficiency or validity.

**GIFFEN, J.**

This case was appealed to this court by the guardian *ad litem* of an infant, and the motion is made to dismiss the appeal for the reason that the guardian was not such a party to the suit as entitled him to take an appeal. Section 5003 Rev. Stat. provides that:

"The defense of an infant must be by a guardian for the suit, and may be appointed by the court in which the action is prosecuted, or by a judge thereof, or by a probate judge."

In the case of Long v. Mulford, 17 Ohio St. 484, 485, the first proposition of the syllabus is as follows:

"It is the duty of a guardian *ad litem,* to make for the infant a proper defense, and for this purpose to bring the rights of his ward under the consideration of the court for decision."

At page 502, it is said that:

"The appointment of a guardian *ad litem* is not a mere matter of form. A suit against an infant cannot be prosecuted without such guardian; and the object of the requirement is to secure to the infant a proper defense."

The case in this court is the same as that in which the guardian was appointed, and the question whether the defense should be made for the infant cannot be determined by her, but must be determined by the guardian, and if, upon full consideration he deems it advisable to appeal the case to this court, it is his duty to do so.

The question has never been decided by our Supreme Court, but in other states under similar statutes it has been held that the guardian *ad litem* has the right to take an appeal from the judgment adverse to his ward. The case of Thomas v. Safe Deposit & Tr. Co. 73 Md. 451 [21 Atl.

Rep. 367; 23 Atl. Rep. 3], the fourth proposition of the syllabus is as follows:

"In contemplation of Sec. 24, Art. 5 of the code, regulating appeal from courts of equity, a guardian *ad litem* may be a party to the suit, and as such has the right of appeal on behalf of the infants, for the purpose of protecting or advancing their interests."

In the case of Tyson v. Tyson, 68 N. W. Rep. 1015 [94 Wis. 225], the supreme court held that:

"A guardian *ad litem,* appointed for an infant defendant by the court in which the action is prosecuted, pursuant to Sec. 2613 Rev. Stat., may appeal from a judgment against the minor, without permission of court."

It is claimed by counsel for the defendants that the guardian *ad litem* is not a party to the suit, and none but the party is entitled to take an appeal under Sec. 5226 Rev. Stat. While it is true that the guardian has no personal interest in the suit, yet he takes the place of and represents the infant, who, though a party to the suit, has not the legal capacity to make a defense.

The further claim is that the guardian *ad litem* who gave an undertaking for the appeal, is without authority to bind the estate of the infant, but assuming this to be true, he would nevertheless be liable individually upon the bond.

The motion will, therefore, be overruled.