PAIGE K. B. and Kaitlin I. B., minors by their Guardian
ad Litem, Mark A. Peterson, Plaintiffs-Appellants-
Petitioners,

LAURALIE H. B., Plaintiff,

v.

Louis J. MOLEPSKE, Defendant,

Dennis J. MASSOGLIA and National Union Fire
Insurance Company of Pittsburgh, Defendants-
Respondents.

Supreme Court

*No. 96–2620. Oral argument April 29, 1998.—Decided June
26, 1998.*

(Also reported in 580 N.W.2d 289.)

For the plaintiffs-appellants-petitioners there were briefs by *Mark A. Peterson, John F. Maloney, Robert K. Bultman* and *McNally, Maloney & Peterson, S.C.,* Milwaukee and oral argument by *Mark A. Peterson.*

For the defendants-respondents there was a brief by *Charles H. Bohl, John P. Spector* and *Whyte Hirschboeck Dudek, S.C.,* Milwaukee and oral argument by *Charles H. Bohl.*

Amicus curiae brief was filed by *James A. Walrath* and *James M. Brennan,* Milwaukee for the Legal Aid Society of Milwaukee, Inc.

Amicus curiae brief was filed by *Mark K. Thomsen* and *Cannon & Dunphy, S.C.,* Brookfield for the Wisconsin Academy of Trial Lawyers.

Amicus curiae brief was filed by *Gregg Herman, Matthew J. Price* and *Loeb & Herman, S.C.*; *Peggy L. Podell,* and *Podell & Podell,* all of Milwaukee for the Family Law Section of the State Bar of Wisconsin.

¶ 1. DONALD W. STEINMETZ, J. The sole issue in this case is whether an attorney-guardian *ad litem* (GAL) appointed by the circuit court pursuant to Wis. Stat. § 767.045 (1993–94) to represent the best interests of a child in a custody dispute is entitled to absolute quasi-judicial immunity for the negligent performance of his or her duties. Both the circuit court and the court of appeals recognized such absolute quasi-judicial immunity.

¶ 2. This case is before the court on petition for review of a published opinion of the court of appeals, *Paige K. B. v. Molepske,* 211 Wis. 2d 572, 565 N.W.2d 549 (Ct. App. 1997), affirming an order of the Circuit Court for Portage County, Lewis W. Charles, Judge. The circuit court granted summary judgment to the defendant, Attorney Dennis J. Massoglia, and his liability insurance carrier, concluding that, as a GAL appointed by the court pursuant to Wis. Stat. § 767.045,[1] he enjoyed absolute quasi-judicial immunity from liability in a negligence action arising out of his professional services. The court of appeals unanimously affirmed. We granted the petition for review

---

[1] Wis. Stat. § 767.045 provides in pertinent part:

(1) APPOINTMENT. (a) The court shall appoint a guardian ad litem for a minor child in any action affecting the family if any of the following conditions exists:

1. The court has reason for special concern as to the welfare of a minor child.

2. The legal custody or physical placement of the child is contested.

filed by the plaintiffs, Paige K. B. and Kaitlin I. B., and now affirm the decision of the court of appeals.

¶ 3. The relevant facts of this case, as represented by the court of appeals, are simple and undisputed. The plaintiffs' parents, Steven J. B. (Steven) and Lauralie H. B. (Lauralie), were married in 1987. In 1990, Steven filed a petition for divorce. Pursuant to Wis. Stat. § 767.045(1)(a), the circuit court appointed Massoglia as GAL to represent the best interests of the children during the divorce and custody proceedings between Steven and Lauralie. On May 10, 1990, the circuit court issued a temporary order awarding Steven and Lauralie joint custody over the children.

¶ 4. During the divorce proceedings, allegations arose that Steven had sexually abused the children during his marriage to Lauralie. Three psychologists were appointed to examine the children. Massoglia petitioned the court for psychological testing based upon allegations by both parents of alcoholism, drug abuse, and abuse of the children. Dr. Jay Cleve conducted this examination. Another psychologist employed by the Portage County Department of Human Services, Dr. Richard Williams, also evaluated the children. Steven requested a third psychologist, Dr. Sue Seitz, through a motion to the circuit court seeking an order that the children be examined by an independent clinical psychologist. All three psychologists testified during the custody proceedings. Dr. Williams testified that Steven had probably sexually abused the children. Dr. Seitz testified that she found no evidence to support the allegation of sexual abuse. Dr. Cleve testified that, based on his examination, he could not express a definitive opinion on the allegation.

¶ 5. Massoglia, without specifically relying on the allegations of sexual abuse, recommended that the circuit court grant custody of the children to their mother. Notwithstanding Massoglia's recommendation, the circuit court awarded the parties joint custody of the children, granting to Steven primary physical placement and to Lauralie temporary physical placement. In making this custody award, the circuit court found the testimony of Dr. Seitz, who found no evidence of sexual abuse, more credible than the testimony of Dr. Williams, who thought there probably had been abuse. Once the circuit court entered its final custody order, the court terminated Massoglia's appointment as GAL. *See* Wis. Stat. § 767.045(5).

¶ 6. Sometime after the divorce, Lauralie obtained the court's permission to take the children out of state for the Easter holiday. Lauralie did not return custody to Steven as scheduled, and a criminal complaint was filed against her for interfering with Steven's custodial rights. Lauralie eventually returned to Wisconsin with the children and surrendered to authorities on May 24, 1991. Physical placement of the children was then formally returned to Steven.

¶ 7. Approximately two months after their return, the children were placed in a foster home after a child in need of protection or services (CHIPS) petition was filed alleging that Steven had sexually abused the children. Steven was formally charged with sexually assaulting the children. After a jury trial, Steven was found guilty and sentenced to a prison term. The circuit court then transferred physical custody of the children from the foster home back to Lauralie.

¶ 8. The children subsequently brought suit against Massoglia, alleging that he had negligently performed his duties as their GAL in the custody pro-

ceedings and that this negligence was a cause of their injuries. The circuit court granted Massoglia's motion for summary judgment, concluding that, as a GAL, Massoglia was entitled to absolute quasi-judicial immunity. The children appealed, and the court of appeals affirmed.

¶ 9. In affirming the circuit court's order, the court of appeals noted that, like judicial immunity which makes a judge absolutely immune from liability when performing judicial acts within his or her discretion, quasi-judicial immunity extends to non-judicial officers when they are performing acts intimately related to the judicial process. *See Paige K. B.*, 211 Wis. 2d at 577. The court of appeals then concluded that a GAL appointed by a circuit court pursuant to Wis. Stat. § 767.045 to represent the best interests of a child in a custody proceeding performs functions intimately related to the judicial process and, therefore, is entitled to absolute quasi-judicial immunity. *See id.* at 578. We agree with the court of appeals and affirm its decision.

■■■

¶ 10. As this court explained in *Ford v. Kenosha County*, 160 Wis. 2d 485, 466 N.W.2d 646 (1991), "[a]n immunity is a 'freedom from suit or liability' " conferred upon a particular defendant "not because of the existence of a particular set of facts or the moral justification of an act[,]" but as a result of that defendant's status or position. *Id.* at 495 (internal citation omitted). As the court of appeals noted, Wisconsin courts have recognized an absolute quasi-judicial immunity for those persons who perform functions that are an "intimately related to the judicial process." *Paige K. B.*, 211 Wis. 2d at 577; *see, e.g., Ford*, 160 Wis. 2d at 497–98 (quoting *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)); *Dowd v. City of New Richmond*, 137 Wis. 2d

539, 558, 405 N.W.2d 66 (1987)(finding witnesses in judicial proceedings shielded by absolute immunity); *Bromund v. Holt*, 24 Wis. 2d 336, 346, 129 N.W.2d 149 (1964)(finding appointed pathologist immune from negligence liability); *Snow v. Koeppl*, 159 Wis. 2d 77, 82, 464 N.W.2d 215 (Ct. App. 1990)(finding court-appointed psychologist absolutely immune from suit).[2]

■

¶ 11. Drawing from the reasoning of the United States Supreme Court, Wisconsin courts apply a functional analysis to determine whether such absolute immunity attaches to a particular defendant: "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches." *Ford*, 160 Wis. 2d at 495 (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)). Applying this functional analysis, this court in *Ford* held that clerical personnel in the county clerk of court's office and in the district attorney's office were absolutely immune from any negligence liability in preparing and submitting a bench warrant. The *Ford* court first noted that a judge is absolutely immune from liability for performing judicial acts within the judge's discretion. *See id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356–64 (1978)). The court explained that "[t]o allow unsatisfied litigants to sue a judge would 'contribute not to principled and

---

[2] The United States Supreme Court similarly has not hesitated to extend absolute immunity to various individuals whose adjudicatory functions or other involvement with the judicial process have been deemed to warrant protection from harassment, intimidation, or other interference with impartial decision making. *See, e.g., Briscoe v. LaHue*, 460 U.S. 325 (1983) (witnesses in judicial proceedings); *Butz v. Economou*, 438 U.S. 478 (1978)(federal administrative law judge); *Imbler v. Pachtman*, 424 U.S. 409 (1976)(state prosecuting attorneys).

fearless decision-making but to intimidation.'" *Id.* (quoting *Pierson v. Ray*, 386 U.S. 546, 554 (1966)). In similarly cloaking with absolute quasi-judicial immunity the functions of the clerical personnel, the court reasoned:

> The same policy that supports absolute immunity for judges justifies absolute immunity for non-judicial officers when they are performing acts 'intimately related to the judicial process.' '[A] non-judicial officer who is delegated judicial duties in aid of the court should not be a "lightning rod for harassing litigation" aimed at the court.'

*Id.* at 497–98 (quoting *Ashbrook*, 617 F.2d at 476)(internal citation omitted).[3]

¶ 12. The sole issue in this case then is whether, like the clerical personnel in *Ford*, a GAL appointed by a circuit court pursuant to Wis. Stat. § 767.045 to

---

[3] Employing the same functional analysis used by this court in *Ford v. Kenosha County*, 160 Wis. 2d 485, 466 N.W.2d 646 (1991), a number of federal and state courts have held various participants in judicial proceedings, including guardians *ad litem* (GALs), absolutely immune from liability for the actions undertaken in performance of their roles as integral parts of the judicial process. *See Cok v. Cosentino*, 876 F.2d 1 (1st Cir. 1989) (GAL in custody dispute); *Myers v. Morris*, 810 F.2d 1437, 1465–67 (8th Cir. 1987)(GAL in investigation of child sexual abuse); *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984) (GAL in proceeding to terminate parental rights); *Tindell v. Rogosheske*, 428 N.W.2d 386 (Minn. 1988)(GAL in paternity and support action); *Penn v. McMonagle*, 573 N.E.2d 1234, 1237 (Ohio App. 1990)(GAL in child custody dispute). *But see Fleming v. Asbill*, 42 F.3d 886, 889 (4th Cir. 1994)(paid GAL could be held liable by ward for negligent acts during custody dispute); *Collins ex rel. Collins v. Tabet*, 806 P.2d 40, 45–46 (N.M. 1991) (GAL in medical malpractice suit not entitled to immunity).

represent the best interests of a child in a proceeding involving child custody is a non-judicial officer who performs acts intimately related to the judicial process and is therefore entitled to quasi-judicial immunity from negligence liability in performing his or her statutory duties.[4] No Wisconsin court has directly addressed the propriety of an extension of the absolute quasi-judicial immunity to a GAL appointed by a circuit court under Wis. Stat. § 767.045. We, like the court of appeals, are convinced that quasi-judicial immunity must now be so extended.

¶ 13. We agree with the court of appeals that a GAL's role when appointed under Wis. Stat. § 767.045 is intimately related to the judicial process. *See Paige K. B.*, 211 Wis. 2d at 578. Section 767.045(4) prescribes the specific responsibilities of a GAL appointed by the circuit court in child custody proceedings:

> The guardian ad litem *shall be an advocate for the best interests of a minor child* as to paternity, legal custody, physical placement and support. The guardian ad litem shall function independently, in the same manner as an attorney for a party to the action, and shall consider, but shall not be bound by, the wishes of the minor child or the positions of others as to the best interests of the minor child.

---

[4] Our review and conclusions in this case are limited to whether a GAL appointed by the circuit court under Wis. Stat. § 767.045 is entitled to absolute quasi-judicial immunity from negligence liability for performing his or her statutorily prescribed functions. The Petitioners do not contend that Massoglia acted outside his statutory duties. We need not, nor do we, decide whether absolute immunity should extend to GALs acting outside the limited functions of child custody proceedings.

*Id.* (emphasis added).

¶ 14. This statutory section makes clear that the GAL is appointed in a custody dispute to independently represent the best interests of a child. As the court of appeals explained in *Marriage of Wiederholt v. Fischer,* 169 Wis. 2d 524, 485 N.W.2d 442 (Ct. App. 1992):

> [Section 767.045(4)] clearly states that the guardian ad litem shall be an advocate for the best interests of a minor child and that the guardian ad litem shall not be bound by the wishes of the minor child. This means that the guardian ad litem does not represent a child per se. Rather the guardian ad litem's statutory duty is to represent the concept of the child's best interest.

*Id.* at 536. This statutory function, imposed upon a GAL under Wis. Stat. § 767.045(4), is intimately related to that of the circuit court. Like the GAL, the circuit court too must protect the best interests of the child in a custody dispute. *See* Wis. Stat. § 767.24(2), (5).[5] In determining the best interests of the child, both the GAL and the court are required to consider identical, statutorily prescribed factors. *See* Wis. Stat. §§ 767.045(4) and 767.24(5)(a)–(k). In a proceeding involving the custody of a child, therefore, both the GAL and the circuit court are statutorily charged with

---

[5] Wis. Stat. § 767.24(2) provides in pertinent part: "based on the best interest of the child and after considering the factors under sub. (5), the court may give joint legal custody or sole legal custody of a minor child."

Wis. Stat. § 767.24(5) provides in pertinent part: "In determining legal custody and periods of physical placement, the court shall consider all facts relevant to the best interest of the child. . . ."

determining and protecting the best interests of that child.

¶ 15. Unlike the circuit court, however, a GAL is "[u]nhampered by the ex parte and other restrictions that prevent the court from conducting its own investigation of the facts. . . ." *State ex rel. Bird v. Weinstock*, 864 S.W.2d 376, 384 (Mo. Ct. App. 1993);[6] *see* Wis. Stat. § 767.045(4)(stating "The guardian *ad litem* shall function. . .in the same manner as an attorney for a party to the action. . . ."). The GAL accordingly serves an essential role under Wis. Stat. § 767.045(4), filling a "void inherent in the procedures required for the adjudication of custody disputes." *Weinstock*, 864 S.W.2d at 384; *see Bahr v. Galonski*, 80 Wis. 2d 72, 83, 257 N.W.2d 869 (1977)(explaining that GAL aids court in visitation action because court is not free to investigate, consult with the children, marshal evidence, and to subpoena and cross-examine witnesses). As the court in *Weinstock* explained:

> Absent the assistance of a guardian ad litem, the trial court, charged with rendering a decision in the 'best interests of the child,' has no practical or effective means to assure itself that all of the requisite information bearing on the question will be brought before it untainted by the parochial interests of the parents.

---

[6] Considering the same issue and a similar fact situation as we face in this case, the court in *State ex rel. Bird v. Weinstock*, 864 S.W.2d 376 (Mo. Ct. App. 1993) concluded that a GAL appointed to represent the best interests of a child in a custody dispute was entitled to absolute quasi-judicial immunity from negligence liability. We find persuasive the *Weinstock* court's analysis and conclusions.

*Id.* at 384. When appointed pursuant to Wis. Stat. § 767.045, the GAL essentially functions as an agent or arm of the court, charged with the same standard that must ultimately govern the court's decision—the best interests of the child.

█

¶ 16. Under our statutory scheme for custody proceedings, the GAL and the circuit court have the same responsibility to promote the children's best interests, and their functions are intimately related. We therefore conclude that the circuit court, as affirmed by the court of appeals, properly granted summary judgment to the GAL and his insurance carrier. A GAL appointed by the circuit court under Wis. Stat. § 767.045 is absolutely immune from negligence liability for acts within the scope of that GAL's exercise of his or her statutory responsibilities.[7]

¶ 17. Relying primarily on *Tyson v. Tyson*, 94 Wis. 225, 68 N.W. 1015 (1896), and *Will of Jaeger*, 218 Wis. 1, 259 N.W. 842 (1935), the Petitioners argue that a GAL appointed under Wis. Stat. § 767.045 is "expected to be an aggressive, effective, and diligent advocate" and, like any other licensed attorney, must be answerable in damages for negligence. We find this argument unpersuasive.

¶ 18. The Petitioners' reliance on *Tyson* and *Jaeger* is misplaced. As the Petitioners point out, in both

---

[7] Nothing in this opinion should be read as a determination that there is any substance to the plaintiffs' underlying allegations that Attorney Massoglia was negligent in the performance of his duties as GAL. Like the court of appeals, we "have presumed negligence solely to permit us to address the arguments relative to quasi-judicial immunity presented by the parties." *Paige K. B. v. Molepske*, 211 Wis. 2d 572, 583 n.2, 565 N.W.2d 549 (Ct. App. 1997).

*Tyson* and *Jaeger*, this court stated in dicta that while a GAL "is at all times under the control of the court, the responsibility of protecting the infant's interest wholly devolves upon [that guardian]", *Tyson*, 94 Wis. at 229; *see Jaeger*, 218 Wis. at 11, and that the guardian "is answerable in damages for negligence," if the guardian neglects or fails in his or her duty in that regard. *Jaeger*, 218 Wis. at 11; *see Tyson*, 94 Wis. at 229. Neither *Tyson* nor *Jaeger*, however, involved an action in negligence against a GAL. Neither involved the appointment of a GAL in a child custody proceeding. Nor did either case address whether GALs are entitled to immunity, in any form, from liability for their negligent acts or omissions.

¶ 19. In *Tyson*, the court addressed whether, in an action to establish and quiet title to property, a GAL appointed by the court has the authority to appeal that court's judgment, which is adverse to the minor's interests. *See Tyson*, 94 Wis. at 229. After discussing the general duties of a GAL, the court concluded that it is not only the GAL's right, but his duty, to petition for review of the court's judgment, if the guardian deems the interests of the minor prejudiced by that judgment. *See id.* at 231. The *Tyson* court was not confronted with, nor did it address, the functions of a GAL appointed in a custody dispute, the alleged negligence of such GAL, or the extension of absolute immunity to a GAL performing such functions.

¶ 20. In *Jaeger*, the court considered whether, in a probate proceeding, the court properly struck a brief submitted by a GAL, wherein the GAL concluded that the minor contingent legatees had no interest in the trust property in dispute. *See Jaeger*, 218 Wis. at 11. After discussing the general duties of the GAL, the court concluded that in such a situation, the GAL

should have reported his conclusions to the court and then requested the court to relieve him as GAL. *See id.* As in *Tyson*, the *Jaeger* court did not address the issue presented in the case at bar. In the present case we address only whether a GAL is entitled to absolute quasi-judicial immunity from negligence in performing functions statutorily prescribed under Wis. Stat. § 767.045(5). To the extent the dicta in *Tyson* and *Jaeger* is inconsistent with this opinion, it is overruled.

¶ 21. The Petitioners additionally argue that, unless GALs are held civilly liable, there will be no effective remedy available to parties injured by the negligent acts and omissions of GALs. This argument too is unpersuasive.

¶ 22. The denial of a particular plaintiff's civil remedy is an unavoidable consequence each time this court recognizes or extends a privilege of immunity. In rejecting the Petitioners' argument, the court of appeals explained that, although recognition of immunity in this case will leave the Petitioners with one less remedy than other litigants, " 'it is better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.' " *Paige K. B.*, 211 Wis. 2d at 583 (quoting *Gregoire v. Biddle*, 177 F.2d 579, 581 (2nd Cir. 1949)(quoted in *Ford*, 160 Wis. 2d at 495)). We agree that matters of public policy weigh in favor of recognizing absolute immunity in this case.

¶ 23. The purpose in appointing a GAL in custody proceedings is not strictly to provide legal counsel to the child client. In determining the best interests of the child under Wis. Stat. § 767.045(4), the GAL must act independently. Although the GAL, in performing his or her statutory function, must consider the child's preferences, such preferences are but one factor to be

investigated and are not considered binding on the GAL. *See* Wis. Stat. § 767.045(4). Thus, the statutory obligations placed on a GAL under Wis. Stat. § 767.045(4) "necessarily impose a higher degree of objectivity on a guardian *ad litem* than that imposed on an attorney for an adult." *Weinstock,* 864 S.W.2d at 384. In child custody proceedings:

> [a] guardian ad litem serves to provide the court with independent information regarding the placement or disposition which is in the best interests of the child. This independent determination is crucial to the court's decision. The threat of civil liability would seriously impair the ability of the guardian ad litem to independently investigate the facts and to report his or her findings to the court. As a result, the ability of the judge to perform his or her judicial duties would be impaired and the ascertainment of truth obstructed.

*Ward v. San Diego County Dep't of Soc. Servs.,* 691 F. Supp. 238, 240 (S.D. Cal. 1988); *see also Short by Oosterhous v. Short,* 730 F. Supp. 1037, 1039 (D. Colo. 1990).

¶ 24. To properly perform their duties under Wis. Stat. § 767.045, GALs must be allowed to independently consider the facts of a case and advocate the best interests of the child, free from the threat of harassment for retaliatory litigation. Opening the door to negligence liability for GALs appointed under Wis. Stat. § 767.045 would likely result in a decline in the number of attorneys willing to serve as GALs in child custody proceedings. In addition, fear of liability could warp the judgment of those GALs who are appointed toward the appeasement of disappointed parents or children and away from protecting the best interests of

the child. *See Short,* 730 F. Supp. at 1039; *see also Weinstock,* 864 S.W.2d at 386.

¶ 25. As we have explained, without the assistance and impartial judgment of a GAL, the circuit court would have no practical or effective means to assure itself that all of the essential facts have been presented untainted by the self-interest of the parents and children. *See Weinstock,* 864 S.W.2d at 384. Absolute immunity is necessary in this case to avoid the harassment and intimidation that could be brought to bear on GALs by those parents and children who may take issue with any or all of the GAL's actions or recommendations. *See id.* at 383; *Tindell v. Rogosheske,* 428 N.W.2d 386 (Minn. 1988). We therefore conclude that, from a public policy perspective, it is better to have a diligent, unbiased, and objective advocate to assist the court in determining and protecting the best interests of the child than it is to assure that the minor child may later recover damages in tort.

¶ 26. We also note, as did the court of appeals, that a number of mechanisms, aside from civil liability, exist to prevent and punish abuse, misconduct, and irresponsibility on the part of a GAL appointed under Wis. Stat. § 767.045. First, the GAL must be an attorney admitted to practice in this state, *see* Wis. Stat. § 767.045(3), who is therefore bound by, and subject to reprimand for violating, the Rules of Professional Conduct. *See* SCR 20:8.4, 21.06 (1998). Second, the court is not bound by, and may modify or reject, the GAL's recommendation. *See* Wis. Stat. § 767.045(4). Finally, and most importantly, the appointing court oversees the conduct of the GAL, and may on its own, or at the request of a parent, remove and replace the GAL. *See* Wis. Stat. § 767.045(5). In overseeing the conduct of a

GAL, the circuit court plays a vital role, for in a custody dispute, the circuit court must be the vanguard for the best interests of the child. Accordingly, the circuit court must not idly wait for or blindly rely on a GAL's recommendation. Rather, the court, at each stage of the proceeding, should inquire into the method of analysis utilized by the GAL, the time and effort expended by the GAL, and the reasons supporting the GAL's actions and recommendations. In addition, the court may request that the GAL provide additional information necessary for the court to render its decision, or the court may instruct the GAL to take additional measures necessary to protect the best interests of the child. If the circuit court, for any reason, finds a GAL's performance inadequate to protect the best interests of the child, the court should either remove and replace that GAL or take other appropriate action.

¶ 27. For the foregoing reasons, we conclude that a GAL appointed by the circuit court under Wis. Stat. § 767.045 to represent the best interests of a child in a child custody proceeding is entitled to absolute quasi-judicial immunity from negligence liability for acts within the scope of that GAL's exercise of his or her statutory responsibilities. We therefore affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 28. ANN WALSH BRADLEY, J. did not participate.