Zena D. CRENSHAW, Plaintiff–
Appellant,

v.

Berry BAYNERD, Alpha Blackburn,
David A. Carter, et al., Defendants–
Appellees.

No. 98–3156.

United States Court of Appeals,
Seventh Circuit.

Argued March 3, 1999.

Decided June 14, 1999.

Zena D. Crenshaw (argued), Gary, IN, for Plaintiff–Appellant.

Wayne E. Uhl (argued), Office of the Attorney General, Indianapolis, IN, for Defendants–Appellees.

Before ESCHBACH, KANNE, EVANS, Circuit Judges.

KANNE, Circuit Judge.

Zena D. Crenshaw, an attorney licensed in Indiana, sued the seven members of the Indiana Civil Rights Commission pursuant to 42 U.S.C. § 1983, alleging that they violated her due process rights when they dismissed her charge of race and sex discrimination filed against an Indiana state judge who had sanctioned her in another case. The district court, finding the defendants immune from suit, dismissed her complaint, and Crenshaw appeals. We affirm.

## I.

In 1997, Indiana Superior Court Judge Jeffrey J. Dywan sanctioned Crenshaw more than $14,000 for arguing frivolous claims in her capacity as plaintiffs' counsel in a civil case before him. Alleging that Judge Dywan's sanction stemmed from discrimination against her because she was African–American and a woman, Crenshaw filed a charge against him with the Indiana Civil Rights Commission ("ICRC"). The ICRC is a body authorized by state statute to receive and investigate complaints alleging discriminatory practices. *See* Ind. Code § 22–9–1–6(e) (1998). The ICRC dismissed the charge. The Commission found that Crenshaw sought to dispute a Superior Court ruling, and that the ICRC lacked authority to overrule a decision of the Superior Court. Crenshaw appealed the dismissal to the full Commission, which upheld the finding and dismissed her charge.

Crenshaw then brought this lawsuit under § 1983 against the seven Commissioners of the ICRC in their personal capacities. She alleged that since her charge against Judge Dywan met the statutory requirements of form and content, the ICRC was obligated to investigate it. Crenshaw alleged that in choosing not to investigate, the Commissioners participated in "a scheme to cover-up allegations of impropriety associated with the state courts of Indiana." Further, she alleged that because they dismissed her charge, the Commissioners contravened Indiana public policy and deprived her of the right to have her charge investigated, her right to an impartial tribunal, and unbiased and equal access to Judge Dywan's courtroom. Finally, she alleged that the defendants' actions caused her to suffer inconvenience, mental suffering, and monetary expense.

The district court dismissed the complaint with prejudice. It found that the Commission members functioned in an adjudicative capacity and were therefore entitled to absolute quasi-judicial immunity from civil suit. Rejecting Crenshaw's argument that the ICRC members did not perform their required investigative tasks, the court observed that Crenshaw's argument was "precisely what the doctrine of quasi-judicial immunity eschews." The court subsequently denied Crenshaw's

Fed.R.Civ.P. 59(e) motion to alter or amend the judgment.

## II.

■ We review de novo the district court's dismissal of an action for failure to state a claim. *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir.1996). In so doing, we construe Crenshaw's well-pleaded allegations as true and draw all reasonable inferences in the light most favorable to her. *Id.* Dismissal is appropriate when there is no set of facts that Crenshaw can prove which will entitle her to relief. *See Fries v. Helsper*, 146 F.3d 452, 456 (7th Cir. 1998).

■ On appeal, Crenshaw argues that in not investigating her complaint against Judge Dywan, the Commissioners failed to follow Indiana state law and were actually seeking "other ends" rather than implementing the Indiana Civil Rights Law, thereby depriving her of her constitutional right to due process. Further, Crenshaw takes issue with the district court's determination that the defendants are immune from liability. Since a public officer is not individually liable for her performance of discretionary acts, but may be liable for "non-feasance of a ministerial act," Crenshaw accuses the Commission members of "nonfeasance" and argues that they are not entitled to immunity because they were derelict in their "ministerial duty" and did not perform an adjudicatory function. *See Adden v. Middlebrooks*, 688 F.2d 1147, 1152–53 (7th Cir.1982) (discussing public officer's individual liability for non-feasance of a ministerial act).

■ Crenshaw's argument is unpersuasive. Crenshaw is not entitled to relief because the Commissioners are immune from liability, and "absolute immunity defeats a suit at the outset so long as the official's actions were within the scope of the immunity." *Imbler v. Pachtman*, 424 U.S. 409, 419 n. 13, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The ICRC is a quasi-judicial adjudicatory body; the Commission members, although not members of a court, perform duties functionally comparable to those of a judicial officer. *See* Ind. Admin. Code tit. 910, r. 1–2–1 (1998); Ind.Code § 22–9–1–6(i) (1998); *Stanley v. Indiana Civil Rights Comm'n*, 557 F.Supp. 330, 334–35 (N.D.Ind.1983), *aff'd*, 740 F.2d 972 (7th Cir. July 30, 1984) (unpublished disposition). *See also Thompson v. Duke*, 882 F.2d 1180, 1183 (7th Cir.1989) and *Scott v. Schmidt*, 773 F.2d 160, 164 n. 4 (7th Cir.1985) (both approvingly citing the Stanley decision). The ICRC's investigation of complaints is discretionary, limited to those it "deems meritorious." Ind.Code § 22–9–1–11 (1998).

■ Here, the Commission members acted in a functionally adjudicatory capacity when they determined that they lacked jurisdiction to review and consider her complaint. *See Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir.1992) (courts have authority to determine their jurisdiction). Officers and agencies that perform quasi-judicial functions are entitled to absolute immunity in order to protect their decision-making function from being impeded by fear of litigation or personal monetary liability. *See Thompson*, 882 F.2d at 1185. The Commissioners' assessment of the ICRC's jurisdiction to decide Crenshaw's charge is not less of a judicial function; it is "part and parcel" of the ICRC's adjudicatory function. *See Wilson v. Kelkhoff*, 86 F.3d 1438, 1444–45 (7th Cir.1996) (prisoner review board members); *Thompson*, 882 F.2d at 1184 (parole board members). Since "immunity is justified and defined by the functions it protects and serves, not the person to whom it attaches," the Commissioners are entitled to absolute quasi-judicial immunity. *Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). *See Thompson*, 882 F.2d at 1182.

■ Even if we did not dispose of this case on immunity grounds, Crenshaw still would not prevail because she failed to allege a cognizable § 1983 claim. Although her complaint and her appellate

brief refer to many vague, generalized rights which she claims the Commissioners conspired to violate—i.e., her civil right to a full ICRC investigation of her charge, equal opportunity access to Judge Dywan's courtroom, an impartial tribunal before which to prosecute her ICRC charge— only her claimed right to "due process of law" is plausibly relevant to her § 1983 action. She argues that the defendants violated her right to due process, presumably under the Fourteenth Amendment, because they dismissed her complaint without complying with what she perceives to be an Indiana statutory mandate to investigate all charges filed with the ICRC. *See* Ind.Code § 22–9–1–6(e) (1998).

But this assertion is not sufficient to raise a procedural due process claim. Such a claim requires Crenshaw to identify a property interest, *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) or a state-created liberty interest, *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459–62, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) of which she was allegedly deprived, and she identified neither. In short, she has asserted nothing more than a right to process, and the mere expectation of receiving a state-afforded process does not establish either an independent liberty or property interest protected by the Due Process Clause. *Olim v. Wakinekona*, 461 U.S. 238, 250–51, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Wikberg v. Reich*, 21 F.3d 188, 190 (7th Cir.1994). Unless a federal right is contravened, the regulation of state adjudicatory proceedings is the "business of the states." *Nowicki v. Cooper*, 56 F.3d 782, 785 (7th Cir.1995). Because Crenshaw's claims do not amount to violations of the Constitution or of federal law by state actors, they are not cognizable under § 1983. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

We note, furthermore, that Crenshaw has already received a remedy for what she perceived as Judge Dywan's improper sanctions against her and her client. At oral argument Crenshaw revealed for the first time that the sanctions had been reversed by the Indiana Court of Appeals. *Crenshaw v. Hoffmann–LaRoche, Inc.*, 701 N.E.2d 935 (Ind.Ct.App. 1998) (unpublished disposition).

Because the Commissioners perform a quasi-judicial adjudicatory role, they are entitled to immunity. Accordingly, we AFFIRM the district court's dismissal of her suit. We decline defendant's request to sanction Crenshaw.

AFFIRMED.