COURT OF APPEALS
DECISION
DATED AND FILED

February 22, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

**Appeal No. 2021AP498**

**STATE OF WISCONSIN**

**Cir. Ct. No. 2021SC1518**

**IN COURT OF APPEALS
DISTRICT I**

TIMOTHY L. HOELLER,

PLAINTIFF-APPELLANT,

V.

WISCONSIN EQUAL RIGHTS DIVISION, HEIDI MARSHALL AND JAMES CHIOLINO,

DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Milwaukee County: GWENDOLYN G. CONNOLLY, Judge. *Affirmed*.

¶1 DUGAN, J.[1] Timothy L. Hoeller appeals from an order of the circuit court dismissing his small claims action filed against the Wisconsin Equal

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Rights Division (ERD), Heidi Marshall, and James Chiolino.[2]  The circuit court dismissed Hoeller's claims on the grounds of sovereign immunity, quasi-judicial immunity, and qualified immunity, as well as failure to state a claim for which relief can be granted.  For the reasons set forth below, this court affirms.

## BACKGROUND

¶2      Hoeller filed a claim under 42 U.S.C. § 1983 in small claims court alleging that the ERD, Marshall, and Chiolino violated Hoeller's statutory rights in failing to investigate and pursue a complete determination of a charge of discrimination that he filed with the Equal Employment Opportunity Commission (EEOC) against his former employer, Carroll University.  Hoeller alleged that Carroll discriminated against him when it terminated his employment in April 2017 and then failed to rehire him in January 2018, with the final act of alleged discrimination occurring on February 28, 2018.  The charge of discrimination that Hoeller filed with the EEOC on February 25, 2019, listed the ERD as the relevant state agency, but the EEOC, as the filing agency, ultimately issued Hoeller a Notice of Right to Sue letter on March 3, 2019, and dismissed Hoeller's charge as untimely filed.

¶3      The defendants filed a motion to dismiss Hoeller's instant complaint, arguing that sovereign immunity, quasi-judicial immunity, and qualified immunity required dismissal of Hoeller's complaint.  The defendants also argued that

---

[2] Marshall is an ERD program supervisor, and Chiolino is the director of the ERD Bureau of Hearings and Mediation.

Hoeller failed to state a claim for which relief can be granted. The circuit court agreed and granted the motion.[3] Hoeller now appeals.

## DISCUSSION

¶4    "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." ***Data Key Partners v. Permira Advisers LLC***, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693 (citation omitted). "[W]e accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom." ***Id.*** Whether a claim is sufficient to withstand a motion to dismiss is a question of law that we review *de novo*. ***Hermann v. Town of Delavan***, 215 Wis. 2d 370, 378, 572 N.W.2d 855 (1998).

### I.    Hoeller's Claims Against the ERD

¶5    The defendants argue that Hoeller's complaint against the ERD must be dismissed on the basis of sovereign immunity. The defendants argue that the legislature has not consented to suit under 42 U.S.C. § 1983, and the ERD is not a "person" within the meaning of § 1983. This court agrees.

¶6    The State cannot be sued without the legislature's explicit consent, ***Lister v. Board of Regents of Univ. of Wis. Sys.***, 72 Wis. 2d 282, 291, 240 N.W.2d 610 (1976), and the State's immunity from suit applies to a claim brought under 42 U.S.C. § 1983, *see* ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 66 (1989). This same immunity from suit for a claim under § 1983 enjoyed by the

---

[3] The circuit court's oral ruling included dismissing Hoeller's complaint against the Department of Justice (DOJ). The DOJ is not a party to this appeal. However, we note that the same reasons for dismissal applicable to the ERD would be applicable to the DOJ.

State extends to arms of the State, including its agencies. *See **Lister***, 72 Wis. 2d at 291. The ERD is an agency of the State, and thus, it enjoys the same immunity from suit for a § 1983 claim as the State, unless otherwise stated by the legislature. Hoeller has failed to provide any explicit consent to suit by the legislature. As a result, the ERD enjoys sovereign immunity, and the court has no personal jurisdiction over the ERD. *See **Lister***, 72 Wis. 2d at 291. Hoeller's complaint against the ERD must be dismissed for this reason alone.

¶7    As an additional basis, a claim under 42 U.S.C. § 1983 can only be brought against a "person" within the meaning of § 1983. *See **Lindas v. Cady***, 150 Wis. 2d 421, 431, 441 N.W.2d 705 (1989). It is well-settled that the State and its agencies are not "persons" within the meaning of § 1983. ***Lister***, 72 Wis. 2d at 295 ("[S]tate agencies and governmental units are not 'persons' for the purposes of damage suits under that section."). The ERD, as a state agency, is therefore not considered a person within the meaning of § 1983 and is not subject to a § 1983 claim. Therefore, Hoeller's complaint against the ERD must also be dismissed for this reason.

## II.    Hoeller's Claims Against Marshall and Chiolino

¶8    The defendants also argue that Hoeller's complaint against Marshall and Chiolino must be dismissed on the basis of quasi-judicial immunity and qualified immunity. This court again agrees.

¶9    "[Q]uasi-judicial immunity extends to non-judicial officers when they are performing acts intimately related to the judicial process." ***Paige K.B. v. Molepske***, 219 Wis. 2d 418, 424, 580 N.W.2d 289 (1998). The ERD, while it is not a court, is nonetheless considered a quasi-judicial adjudicatory body to which quasi-judicial immunity extends, and its members are considered to perform duties

functionally comparable to those of judicial officers when performing discretionary functions. *See Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999). The decision to investigate a complaint of discrimination is considered a discretionary decision to which quasi-judicial immunity attaches. *See id.*

¶10 Marshall and Chiolino, as members of the ERD, are consequently entitled to quasi-judicial immunity. Furthermore, assuming Marshall and Chiolino had any authority over whether to investigate Hoeller's charge of discrimination filed with the EEOC, such a decision would have been a discretionary decision and therefore, a function of their roles to which quasi-judicial immunity attaches. As such, Marshall and Chiolino are immune from suit as a result of quasi-judicial immunity, and Hoeller's complaint against them must be dismissed on this basis.

¶11 Furthermore, Marshall and Chiolino are entitled to qualified immunity, and Hoeller's complaint against them must be dismissed on this basis as well. "Government officials enjoy qualified immunity from suit for damages arising out of discretionary functions." *Baxter v. DNR*, 165 Wis. 2d 298, 302, 477 N.W.2d 648 (Ct. App. 1991). Marshall and Chiolino are considered government officials in their roles with the ERD, and we have already established that any potential decision to investigate Hoeller's charge of discrimination with the EEOC would have been a discretionary function. Thus, qualified immunity applies.

¶12 To defeat qualified immunity, Hoeller must demonstrate that Marshall and Chiolino violated a clearly established constitutional right using closely analogous case law. *See Stipetich v. Grosshans*, 2000 WI App 100, ¶26, 235 Wis. 2d 69, 612 N.W.2d 346 (citation omitted). Hoeller attempts to use Eighth Amendment case law involving prisoners and a case in which the court dismissed a university professor's claims. This court rejects any argument that

this authority constitutes closely analogous case law that demonstrates a clearly established constitutional right that defeats the application of immunity here.[4] *See Barnhill v. Board of Regents of UW Sys.*, 166 Wis. 2d 395, 408, 479 N.W.2d 917 (1992) (defining "clearly established law" as "sufficiently analogous" to provide the public official with guidance on the lawfulness of his or her conduct). Consequently, Marshall and Chiolino are entitled to qualified immunity, and Hoeller's complaint against them must be dismissed.

### III.    Failure to State a Claim For Relief

¶13    In the alternative, this court also agrees with the defendants that Hoeller's complaint must be dismissed for failing to state a claim upon which relief can be granted. In short, Hoeller has failed to identify a federal interest violated by the defendants to serve as the basis for his 42 U.S.C. § 1983 claim. *See Dowd v. City of New Richmond*, 137 Wis. 2d 539, 553-54, 405 N.W.2d 66 (1987) ("[T]he plaintiff must have suffered the deprivation of a right or interest protected either by the United States Constitution or by federal statute.").

¶14    Hoeller asserts that the defendants' failure to investigate his charge of discrimination that he filed with the EEOC—not the ERD—violated his rights to due process and equal protection, and on appeal, he points to WIS. ADMIN. CODE § DWD 218.05 as the law violated by the defendants when they allegedly failed to investigate his charge.

---

[4] To the extent that Hoeller has presented unpublished cases as support for his argument, this court rejects his attempt to do so. *See* WIS. STAT. § 809.23(3)(a).

¶15    Hoeller's position is untenable because, in making this argument, Hoeller fails to recognize that the defendants are state actors, and Hoeller provides no authority to support the contention that the defendants had any duty to investigate a charge of discrimination that he chose to file with the EEOC, or any duty to make the EEOC perform an investigation.  As the circuit court recognized, Hoeller's complaint was "that the [EEOC] essentially did not move fast enough in its investigation.  That is not an entity that is here right now, and indeed there has been no demonstration of what supervisory role [the defendants] had over the EEOC."    Holding the defendants responsible for investigating a charge of discrimination that Hoeller chose to file with the EEOC would be an absurd result that fails to recognize the basic structure of the ERD and the EEOC and the distinction between the ERD as a state agency and the EEOC as a federal agency, each governed by their own rules and regulations for processing allegations of discrimination.

¶16    Moreover, any argument Hoeller raises must contend with the fact that his charge of discrimination filed with the EEOC was filed well past the 300-day filing deadline, and the failure to timely file his charge of discrimination prevented any investigation that may have happened if the charge was timely filed. *See* ***Hoeller v. Carroll Univ.***, No. 19-CV-850-JPS, 2019 WL 6352670 (Nov. 27, 2019) (dismissing Hoeller's charge of discrimination for being filed more than 300 days after the last alleged incident of discrimination).  Thus, anything the defendants could have done to investigate, or make the EEOC investigate, is of no consequence because Hoeller's original failure to comply with the filing deadline prevented any possible investigation that would have taken place.

¶17    In sum, we conclude that the circuit court did not err when it dismissed Hoeller's complaint.  To the extent that Hoeller has raised additional

7

arguments that we have not expressly addressed above, we summarily deny his arguments as undeveloped and not properly supported by legal authority. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). Accordingly, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* Wis. Stat. Rule 809.23(1)(b)4.